# CV 15-3158

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

------------------------------------------------------------------------X

AUREA GONZALEZ,

Plaintiff,

-against-

THE CITY OF NEW YORK, NEW YORK CITY
DEPARTMENT OF EDUCATION, GOODWILL
INDUSTRIES OF GREATER NY AND NORTHERN NJ,
INC., ROBERT RIVERA, *Individually* and ZELDA BRYANT
ASHBY, *Individually*,

Defendants.

------------------------------------------------------------------------X

FILED
CLERK

Case No.     2015 JUN -    PM 9: 02

**COMPLAINT**

**PLAINTIFF
DEMANDS A
TRIAL BY JURY**

# KUNTZ, J.

# POLLAK, M.J.

Plaintiff, AUREA GONZALEZ, by her attorneys, PHILLIPS & ASSOCIATES, PLLC,

hereby complains of the Defendants, upon information and belief, as follows:

## NATURE OF THE CASE

1.  Plaintiff GONZALEZ brings this action charging that Defendants violated <u>Title VII of the
    Civil Rights Act of 1964</u>, as amended, 42 U.S.C. § 2000e *et. seq*. ("Title VII") and the <u>New
    York City Human Rights Law</u>, New York City Administrative Code § 8-107, *et. seq.* and
    seeks damages to redress the injuries Plaintiff has suffered as a result of **sexual harassment
    and retaliation** at the hands of Defendants.

## JURISDICTION AND VENUE

2.  Jurisdiction of this Court is proper under 42 U.S.C. § 2000e-5(f)(3) and 28 U.S.C. §§ 1331
    and 1343.

3.  The Court has supplemental jurisdiction over the claims of Plaintiff brought under city law
    pursuant to 28 U.S.C. § 1367.

4.  Venue is proper in this district, pursuant to 28 U.S.C. § 1391(b), based upon the fact that

the claims alleged herein took place in the County of Queens, State of New York, within

the Eastern District of New York.

## PROCEDURAL PREREQUISITES

5.    Plaintiff filed charges of discrimination upon which this Complaint is based with the Equal

Employment Opportunities Commission ("EEOC").

6.    Plaintiff received a Notice of Right to Sue from the EEOC on May 18, 2015, dated May 12,

2015, with respect to the herein charges of discrimination.  A copy of the Notice is annexed

hereto.

7.    This Action is being commenced within 90 days of receipt of said Right to Sue.

## PARTIES

8.    At all times material, Plaintiff AUREA GONZALEZ ("GONZALEZ") was and is a

resident of the State of New York, County of New York.

9.    At all times material, Defendant THE CITY OF NEW YORK ("CITY") was and is a

municipal corporation organized and existing as such under and by the virtue of the laws

of the State of New York.

10.   At all times material, Defendant NEW YORK CITY DEPARTMENT OF EDUCATION

("DOE") was and is a municipal entity duly organized and existing under, and by the virtue

of, the laws of the State of New York.

11.   At all times material, Defendant GOODWILL INDUSTRIES OF GREATER NY AND

NORTHERN NJ, INC. ("GOODTEMPS") was and is a non-profit organization, which

provides, amongst other services, contract and temporary staffing.    Defendant

GOODTEMPS' principal place of business is located at 4-21 27th Avenue, Astoria, NY

11102.

2

12. At all times material, Plaintiff GONZALEZ was an employee of Defendant CITY, Defendant DOE, and Defendant GOODTEMPS.

13. At all times material, GoodTemps was and is the name of the division within Defendant GOODTEMPS' company in which Plaintiff GONZALEZ worked.

14. Specifically Defendant GOODTEMPS placed Plaintiff to work as an "Executive Secretary" for Defendant DOE at Defendant DOE's office located at 44-36 Vernon Blvd, Long Island City, New York, 11101.

15. At all times material, Defendant ROBERT RIVERA ("RIVERA") was and is a resident of the State of New York.

16. At all times material, Defendant RIVERA was an employee of Defendant DOE, holding the title "Supervisor, Special Events."

17. At all times material, Defendant RIVERA was Plaintiff's supervisor and/or had supervisory authority over Plaintiff. Defendant RIVERA had the authority to hire, fire, and/or affect the terms and conditions of Plaintiff's employment.

18. At all times material, Defendant ZELDA BRYANT ASHBY ("ASHBY") was and is a resident of the State of New York.

19. At all times material, Defendant ASHBY was an employee of Defendant DOE, holding the title of "Director of Eligibility and Compliance"

20. At all times material, Defendant ASHBY was Plaintiff's supervisor and/or had supervisory authority over Plaintiff. Defendant ASHBY had the authority to hire, fire, and/or affect the terms and conditions of Plaintiff's employment.

21. Upon information and belief, at all times relevant hereto, Defendants CITY, DOE and GOODTEMPS were joint employers of Plaintiff GONZALEZ, were empowered to hire

3

and fire Plaintiff GONZALEZ, to discipline and supervise Plaintiff GONZALEZ, to set the terms and conditions of her employment, and to promulgate work rules and assignments.

22. At all times material, Defendant CITY, Defendant DOE, Defendant GOODTEMPS, Defendant RIVERA and Defendant ASHBY are jointly referred to as "Defendants."

## MATERIAL FACTS

23. On or about September 16, 2013, Plaintiff GONZALEZ began her employment with Defendants as an Executive Secretary, earning $17.00 per hour.

24. Plaintiff GONZALEZ initially worked in Defendant DOE's Eligibility and Compliance Department under Defendant ASHBY's supervision.

25. During her tenure as Executive Secretary, Plaintiff GONZALEZ was an excellent employee.

26. In fact, due to her exemplary work performance, in or around November of 2013, Defendant ASHBY offered Plaintiff GONZALEZ a permanent position with the Special Events Department, under the direct supervision of Defendant RIVERA.

27. Plaintiff GONZALEZ informed Defendant ASHBY that she could not commit to staying with Defendants permanently, a message that, upon information and belief, Defendant ASHBY conveyed to Defendant RIVERA.

28. Upon information and belief, although Defendant RIVERA became aware that Plaintiff GONZALEZ was not committed long-term to Defendant DOE, he insisted on Plaintiff's move to the Special Events Department, where Defendant RIVERA would be Plaintiff's direct supervisor.

29. Plaintiff GONZALEZ accepted the new position reluctantly.  She had previously seen

4

Defendant RIVERA in the hallways and felt uncomfortable by the inappropriate way in which he stared at her. However, Plaintiff took the new position because Defendant ASHBY told Plaintiff that the permanent position had benefits, including medical insurance and paid vacation and sick days. Moreover, Defendant ASHBY made Plaintiff GONZALEZ feel as if she couldn't refuse the offer, since it was very rare that a temporary worker would be offered a permanent position after only working for Defendants for approximately three months. As such, Plaintiff accepted the offer.

30. On or about November 22, 2013, Plaintiff GONZALEZ officially transferred to the Special Events Department.

31. Defendant RIVERA began to sexually harass Plaintiff GONZALEZ on her very first day in her new position. **During training, Defendant RIVERA provocatively touched Plaintiff's knee twice.**

32. Plaintiff was in disbelief that Defendant RIVERA had the audacity to touch her in such a suggestive, offensive, and unwelcomed manner. Plaintiff GONZALEZ told one of her co-workers, known to Plaintiff as Sarah or Sandra, what Defendant RIVERA did and asked her whether such behavior was typical in their department. The co-worker looked at Plaintiff in shock and answered, "No."

33. Then, Defendant RIVERA forced Plaintiff to clean up after a catered event and asked her to lift and pull heavy objects. Defendant RIVERA demanded that Plaintiff perform these tasks, even though he knew that the previous day Plaintiff GONZALEZ was released from the hospital, where she was admitted with excruciating pain due to a muscle spasm in her back.

34. Plaintiff GONZALEZ felt that, as a man, Defendant RIVERA considered Plaintiff, a

5

woman, to only exist beneath him. Plaintiff felt that Defendant RIVERA saw her as an object and a personal slave. Plaintiff GONZALEZ noticed that Defendant RIVERA felt empowered when he mistreated her based on her gender.

35. Subsequently, Defendant RIVERA began acting possessive of Plaintiff GONZALEZ. For example, Defendant RIVERA would reprimand any co-worker who approached and tried to speak with Plaintiff.

36. Furthermore, Defendant RIVERA was acutely aware of Plaintiff's whereabouts at all times.

37. By way of example, on or about November 25, 2013, when Plaintiff GONZALEZ left her work station to use the restroom, Defendant RIVERA asked her, "Can't you hold it and not go to the bathroom so much?" Plaintiff would use bathroom breaks to escape from Defendant RIVERA's relentless advances.

38. Then, on or about November 26, 2013, Defendant RIVERA continued his possessive behavior towards Plaintiff GONZALEZ. Specifically, Defendant asked Plaintiff and her co-workers what they were doing each time they spoke to one another. In addition, Defendant RIVERA commented on Plaintiff's curly hair and told her to use a brush.

39. Perplexed, Plaintiff GONZALEZ asked a co-worker, Danielle, who, upon information and belief, was also subjected to sexual harassment by Defendant RIVERA, why Defendant RIVERA would comment on the appearance of her hair. Danielle told Plaintiff that Defendant RIVERA prefers straight hair.

40. Plaintiff GONZALEZ felt uncomfortable and humiliated, as she interpreted Defendant RIVERA's comment as yet another attempt by Defendant RIVERA to control Plaintiff.

41. Next, around 3:30 p.m., once everyone went home and Plaintiff GONZALEZ was left

6

alone with Defendant RIVERA, he called Plaintiff over to his desk to continue training.

42.   After the training was done, Plaintiff GONZALEZ rose from her chair to walk away. **Defendant RIVERA followed Plaintiff, forcefully grabbed her hips and said: "Don't worry, you will be fine."**

43.   Distraught and highly offended, Plaintiff GONZALEZ pulled away from Defendant RIVERA's grip.  Frightened from being alone with her harasser, Plaintiff did not turn around or speak.  She sat at her desk, covering her mouth in shock.

44.   The next day, on or about November 27, 2013, Plaintiff GONZALEZ returned to work traumatized by Defendant RIVERA's inappropriate and unwelcomed touching.  Plaintiff felt afraid and intimidated by Defendant RIVERA and knew that she could no longer work with him.

45.   Plaintiff GONZALEZ intended to complain to Defendant ASHBY of the sexual harassment she suffered at the hands of Defendant RIVERA.  However, Plaintiff learned Defendant ASHBY was absent that day.

46.   Apprehensive, Plaintiff tried to avoid Defendant RIVERA and his unwelcomed advances the whole day.  **However, Defendant RIVERA persisted in humiliating Plaintiff GONZALEZ and making her uncomfortable.  Specifically, Defendant RIVERA yelled at Plaintiff in front of her co-workers, threatening to put a barrier around Plaintiff's desk, so that no one could speak to her.  This made Plaintiff feel as if Defendant RIVERA saw Plaintiff as an object that belonged to Defendant RIVERA.**

47.   Later, Plaintiff GONZALEZ realized the extent of Defendant RIVERA's influence over everyone at work, when her co-worker, Shelly, told Plaintiff that she would not talk to Plaintiff anymore.  When Plaintiff GONZALEZ asked Shelly why she would no longer

7

speak to Plaintiff, Shelly replied: **"Robert (referring to Defendant RIVERA) gets mad whenever we talk to you (Plaintiff)."**

48.    Subsequently, in a clear attempt to demean Plaintiff GONZALEZ based on her gender, Defendant RIVERA told Plaintiff to clean Defendant's desk, a task that was entirely outside of, and beneath, Plaintiff's job requirements.

49.    **On or about December 2, 2013, Plaintiff GONZALEZ returned to work after the short Thanksgiving break.  Plaintiff immediately reported the sexual harassment by Defendant RIVERA to Defendant ASHBY and the internal EEO department.**

50.    **However, only two days later, Plaintiff GONZALEZ was terminated by Defendant ASHBY, in blatant retaliation for her complaint of sexual harassment against Defendant RIVERA.**

51.    **Plaintiff GONZALEZ immediately filed a complaint of retaliation against Defendant ASHBY with the internal EEO department.**

52.    Furthermore, Plaintiff GONZALEZ called Defendant GOODTEMPS to inform them of the sexual harassment and retaliation she suffered at the DOE.  She complained to supervisor, Mark Dixon, detailing the sexual harassment and retaliation.

53.    **However, Mr. Dixon unsympathetically told Plaintiff that Defendant DOE is Defendant GOODTEMPS' client and reprimanded Plaintiff GONZALEZ for reporting the sexual harassment and retaliation to Defendant DOE's EEO Department. Mr. Dixon also added that Plaintiff essentially "asked" to get fired by complaining of the sexual harassment.**

54.    Disappointed, hurt and humiliated, Plaintiff GONZALEZ told Mr. Dixon that she could not believe that no one cared about the way she was violated.  Plaintiff followed up with

8

an e-mail to Mr. Dixon telling him that Plaintiff was disgusted by her telephone conversation with Mr. Dixon.

55. **Upon information and belief, Defendants did not conduct an investigation into the claims of sexual harassment and retaliation by Plaintiff GONZALEZ.**

56. These are only some of the acts of discrimination that Plaintiff GONZALEZ suffered at the hands of Defendants.

57. Plaintiff GONZALEZ was unlawfully treated, humiliated, degraded, victimized and embarrassed; and as a result suffers loss of rights, emotional distress, loss of income, earnings.

58. Plaintiff's performance was, upon information and belief, excellent during the course of her employment with Defendants.

59. **Defendants' actions and conduct were intentional and intended to harm Plaintiff GONZALEZ.**

60. As a result of the Defendants' discriminatory and retaliatory treatment of Plaintiff GONZALEZ, she suffered severe emotional distress, physical ailments, and physical injuries.

61. **Due to the sexual harassment Plaintiff GONZALEZ suffered at the hands of Defendant RIVERA, Plaintiff is now reliving the trauma of sexual abuse she suffered as a child. Plaintiff has dreams of Defendant RIVERA walking into her room and sexually abusing her. Defendant RIVERA's actions have reawakened the monstrous pain that Defendant GONZALEZ has lived with for years.**

62. As a result of the acts and conduct complained of herein, Plaintiff GONZALEZ has suffered and will continue to suffer the loss of income, the loss of a salary, bonuses, benefits and other compensation which such employment entails, and Plaintiff has also suffered future pecuniary losses, emotional pain, inconvenience, loss of enjoyment of life, and other non-pecuniary

9

losses.  Plaintiff has further experienced severe emotional and physical distress.

63.     As a result of the above, Plaintiff GONZALEZ has been damaged in an amount which exceeds the jurisdiction limits of all lower Courts.

## FIRST CAUSE OF ACTION
## FOR DISCRIMINATION UNDER TITLE VII
### (As Against Defendants City of New York and DOE Only)

64.     Plaintiff GONZALEZ repeats and realleges each and every allegation made in the above paragraphs of this complaint.

65.     This claim is authorized and instituted pursuant to the provisions of Title VII of the Civil Rights Act of 1964, 42 U.S.C. Section(s) 2000e *et seq.*, for relief based upon the unlawful employment practices of the above-named Defendants.  Plaintiff complains of Defendants' violation of Title VII's prohibition against discrimination in employment based, in whole or in part, upon an employee's gender (sexual harassment).

66.     Defendants engaged in unlawful employment practices prohibited by 42 U.S.C. §2000e et seq., by discriminating against Plaintiff because of her gender (sexual harassment).

## SECOND CAUSE OF ACTION
## FOR RETALIATION UNDER TITLE VII
### (As Against Defendants City of New York and DOE Only)

67.     Plaintiff GONZALEZ repeats and realleges each and every allegation made in the above paragraphs of this complaint.

68.     Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §2000e-3(a) provides that it shall be unlawful employment practice for an employer: "(1) to . . . discriminate against any of his employees . . . because [s]he has opposed any practice made an unlawful employment practice by this subchapter, or because [s]he has made a charge, testified, assisted or participated in any manner in an investigation, proceeding, or hearing under this subchapter."

69.   Defendants engaged in unlawful employment practice prohibited by 42 U.S.C. §2000e *et seq.* by discriminating against Plaintiff with respect to the terms, conditions or privileges of employment because of her opposition to the unlawful employment practices of Defendants.

### THIRD CAUSE OF ACTION FOR DISCRIMINATION
### UNDER THE NEW YORK CITY ADMINISTRATIVE CODE
### (As Against All Defendants)

70.   Plaintiff GONZALEZ repeats, reiterates and realleges each and every allegation made in the above paragraphs of this Complaint as if more fully set forth herein at length.

71.   New York City Administrative Code §8-107(1) provides that "It shall be an unlawful discriminatory practice: (a) For an **employer or an employee or agent** thereof, because of the actual or perceived age, race, creed, color, national origin, **gender**, disability, marital status, sexual orientation or alienage or citizenship status of any person, to refuse to hire or employ or to bar or to discharge from employment such person or to discriminate against such person in compensation or in terms, conditions or privileges of employment."

72.   Defendants engaged in an unlawful discriminatory practice in violation of New York City Administrative Code §8-107(1)(a) by creating and maintaining discriminatory working conditions, and otherwise discriminating against Plaintiff because of her gender (sexual harassment).

### FOURTH CAUSE OF ACTION FOR RETALIATION
### UNDER THE NEW YORK CITY ADMINISTRATIVE CODE
### (As Against All Defendants)

73.   Plaintiff GONZALEZ repeats, reiterates and realleges each and every allegation made in the above paragraphs of this Complaint as if more fully set forth herein at length.

74.   The New York City Administrative Code §8-107(7) provides that it shall be unlawful discriminatory practice: "For an employer . . . to discriminate against any person because such

person has opposed any practices forbidden under this chapter. . ."

75.    Defendants engaged in an unlawful discriminatory practice in violation of New York City
       Administrative Code §8-107(7) by discriminating against Plaintiff because of Plaintiff's
       opposition to the unlawful employment practices of Defendants.

### FIFTH CAUSE OF ACTION FOR DISCRIMINATION
### UNDER THE NEW YORK CITY ADMINISTRATIVE CODE
### (As Against Individual Defendants Only)

76.    Plaintiff GONZALEZ repeats, reiterates and realleges each and every allegation made in the
       above paragraphs of this Complaint as if more fully set forth herein at length.

77.    The New York City Administrative Code §8-107(6) provides that it shall be unlawful
       discriminatory practice: "For any person to aid, abet, incite, compel; or coerce the doing of
       any of the acts forbidden under this chapter, or attempt to do so."

78.    Defendants engaged in an unlawful discriminatory practice in violation of New York City
       Administrative Code §8-107(6) by aiding, abetting, inciting, compelling and coercing the
       above discriminatory, unlawful and retaliatory conduct.

### SIXTH CAUSE OF ACTION FOR DISCRIMINATION
### UNDER THE NEW YORK CITY ADMINISTRATIVE CODE
### (As Against Defendant GOODTEMPS Only)

79.    Plaintiff GONZALEZ repeats, reiterates and realleges each and every allegation made in the
       above paragraphs of this Complaint as if more fully set forth herein at length.

80.    New York City Administrative Code Title 8-107(19) Interference with protected rights. It
       shall be an unlawful discriminatory practice for any person to coerce, intimidate, threaten
       or interfere with, or attempt to coerce, intimidate, threaten or interfere with, any person in
       the exercise or enjoyment of, or on account of his or her having aided or encouraged any
       other person in the exercise or enjoyment of, any right granted or protected pursuant to this

12

section.

81.    Defendants violated the section cited herein as set forth.

### SEVENTH CAUSE OF ACTION FOR DISCRIMINATION
### UNDER THE NEW YORK CITY ADMINISTRATIVE CODE
### (Not As Against Individual Defendants)

82.    Plaintiff GONZALEZ repeats, reiterates and realleges each and every allegation made in the

above paragraphs of this Complaint as if more fully set forth herein at length.

83.    New York City Administrative Code §8-107(13) Employer liability for discriminatory

conduct by employee, agent or independent contractor.

a.    An employer shall be liable for an unlawful discriminatory practice based upon the

conduct of an employee or agent which is in violation of any provision of this section

other than subdivisions one and two of this section.

b.    An employer shall be liable for an unlawful discriminatory practice based upon the

conduct of an employee or agent which is in violation of subdivision one or two of this

section only where:

1. the employee or agent exercised managerial or supervisory responsibility;  or

2. the employer knew of the employee's or agent's discriminatory conduct, and acquiesced

in such conduct or failed to take immediate and appropriate corrective action; an

employer shall be deemed to have knowledge of an employee's or agent's

discriminatory conduct where that conduct was known by another employee or agent

who exercised managerial or supervisory responsibility; or

3. the employer should have known of the employee's or agent's discriminatory conduct

and failed to exercise reasonable diligence to prevent such discriminatory conduct.

    c.  An employer shall be liable for an unlawful discriminatory practice committed   by a person employed as an independent contractor, other than an agent of such employer, to carry out work in furtherance of the employer's business enterprise only where such discriminatory conduct was committed in the course of such employment and the employer had actual knowledge of and acquiesced in such conduct.

84.    Defendants violated the section cited herein as set forth.


## JURY DEMAND

85. Plaintiff GONZALEZ requests a jury trial on all issues to be tried.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff GONZALEZ respectfully requests a judgment against the Defendants:

A.  Declaring that Defendants engaged in unlawful employment practices prohibited by Title VII of the Civil Rights Act of 1964 and the New York City Administrative Code § 8-107 in that Defendants subjected Plaintiff to sexual harassment and retaliation;

B.  Awarding damages to Plaintiff GONZALEZ for all lost wages and benefits, past and future, back pay and front pay, resulting from Defendants' unlawful employment practices and to otherwise make Plaintiff whole for any losses suffered as a result of such unlawful employment practices;

C.  Awarding Plaintiff compensatory damages for mental, emotional and physical injury, distress, pain and suffering and injury to reputation in an amount in excess of the jurisdiction of all lower courts;

D.  Awarding Plaintiff punitive damages;

E.  Awarding Plaintiff attorneys' fees, costs, and expenses incurred in the prosecution of

the action;

F.   Awarding Plaintiff such other and further relief as the Court may deem equitable, just

and proper to remedy the Defendants' unlawful employment practices.

**WHEREFORE**, Plaintiff GONZALEZ demands judgment against Defendants, jointly and

severally in an amount to be determined at the time of trial plus interest, punitive damages,

attorneys' fees, costs, and disbursements of action; and for such other relief as the Court deems

just and proper.

Dated: New York, New York
       May 28, 2015

> **PHILLIPS & ASSOCIATES,**
> **ATTORNEYS AT LAW, PLLC**
>
> Nicole Welch, Esq.
> Dorina Cela, Esq.
> *Attorneys for Plaintiff*
> 45 Broadway, Suite 620
> New York, NY 10006
> (212) 248-7431 (telephone)
> nwelch@tpglaws.com
> dcela@tpglaws.com