UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| AUREA GONZALEZ<br><br>                    Plaintiff,<br><br>    v.<br><br>THE CITY OF NEW YORK, NEW YORK CITY DEPARTMENT OF EDUCATION, GOODWILL INDUSTRIES OF GREATER NY AND NORTHERN NJ, INC., ROBERT RIVERA, *Individually* and ZELDA BRYANT ASHBY, *Individually*,<br><br>                    Defendants. | Case No. 1:15-cv-03158 (WFK)(CLP) |

**MEMORANDUM OF LAW IN SUPPORT OF DEFENDANT GOODWILL INDUSTRIES OF GREATER NY AND NORTHERN NJ, INC.'S MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM UNDER FED. R. CIV. P. 12(b)(6)**

Barbara E. Hoey
John P.J. Mattiace
KELLEY DRYE & WARREN LLP
101 Park Avenue
New York, New York 10178
Phone: (212) 808-7800
Facsimile: (212) 808-7897
bhoey@kelleydrye.com
jmattiace@kelleydrye.com

*Attorneys for Defendant Goodwill Industries of Greater NY and Northern NJ, Inc.*

# TABLE OF CONTENTS

**Page**

I.     PRELIMINARY STATEMENT ............................................................................. 1

II.    MATERIAL FACTUAL ALLEGATIONS.......................................................... 2

III.   ARGUMENT ...................................................................................................... 4

     A.    Standard Of Review On A Motion To Dismiss ........................................ 4

     B.    The Complaint Has Not Pled Sufficient Facts To Establish That
          Goodtemps Was Plaintiff's Joint Employer ............................................ 4

          1.    Plaintiff Has Not Pled Facts That Goodtemps Had Control Over
               Plaintiff, Which Is Required to Establish Joint Employer Liability .......... 4

          2.    Plaintiff Has Not Pled Facts That Establish Any Other Factors
               Required to Establish Joint Employer Liability....................................... 7

          3.    Alternatively, Assuming Goodtemps Was A "Joint Employer," It
               Is Not Liable For The Alleged Discrimination As Plaintiff Has
               Failed To Plead Facts Showing Knowledge Of, And Connection
               To, The DOE's Discriminatory Conduct ................................................ 9

IV.    CONCLUSION................................................................................................. 11

## <u>TABLE OF AUTHORITIES</u>

<u>Page</u>

### <u>CASES</u>

*Arcueleo v. On-Site Sales & Mktg., LLC*,
    425 F.3d 193 (2d Cir. 2005)................................................................................7

*Ashcroft v. Iqbal*,
    129 S. Ct. 1937, 556 U.S. 662 (2009)..............................................................4

*Astrovsky v. First Portland Mortg. Corp., Inc.*,
    887 F.Supp. 332 (D. Me. 1995) .........................................................................6

*Caldwell v. ServiceMaster Corp.*,
    966 F. Supp. 33 (D.D.C. 1997) ......................................................................11

*Conde v. Sisley Cosmetics USA, Inc.*,
    No. 11-CV-4010, 2012 WL 1883508 (S.D.N.Y. May 23, 2012) .....................5

*Creddille v. MTA N.Y. City Transit Auth. & Core Envtl. Corp.*,
    2014 U.S. Dist. LEXIS 88426 (E.D.N.Y. June 25, 2014) ...............................8

*Gulino v. N.Y. State Educ. Dep't*,
    460 F.3d 361 (2d Cir. 2006)..............................................................................5

*Harris v. Mills*,
    572 F. 3d 66 (2d Cir. 2009)...............................................................................4

*Lima v. Adecco*,
    634 F. Supp. 2d 394 (S.D.N.Y. 2009)...........................................................9, 11

*Neal v. Manpower Int'l*,
    No. 00-CV-277, 2001 WL 1923127 (N.D.Fla. Sept. 17, 2001)........................9

*Neal v. Manpower Int'l., No. 3:00-CV-277/LAC*,
    2001 U.S. Dist. LEXIS 25805 (D.D.C. 1997) ...............................................11

*NLRB v. Solid Waste Servs., Inc.*,
    38 F.3d 93 (2d Cir. 1994).................................................................................5

*Pampillonia v. RJR Nabisco, Inc.*,
    138 F.3d 459 (2d. Cir. 1998)............................................................................5

*Riesgo v. Heidelberg Harris, Inc.*,
    36 F.Supp.2d 53 (D.N.H. 1997).......................................................................10

*Sosa v. Medstaff, Inc.*,
    No 12-CV-8926, 2013 U.S. Dist. Lexis 175278 (S.D.N.Y. Dec. 12, 2013)..................8, 9, 10

i

## TABLE OF AUTHORITIES (CONT.)

<u>Page</u>

*Tate v. Rocketball, Ltd.*,
    45 F. Supp. 3d 268, 272 (E.D.N.Y. 2014) ........................................................4, 5

*Triola v. ASRC Mgmt. Servs. (ASRC MS)*,
    No. 10-CV-560, 2011 U.S. Dist. Lexis 142429 (E.D.N.Y. Dec. 12, 2011).................5, 6, 7, 8

*Watson v. Adecco Emp't Servs., Inc.*,
    252 F.Supp.2d 1347 (M.D. Fla. 2003).........................................................6, 8, 10

*Williams v. Addie May Collins Cmty Center*,
    No. 11-CV-2256, 2012 U.S. Dist. Lexis 141829 (S.D.N.Y. Sept. 27, 2012) ..........................4

*Williams v. Caruso*,
    966 F. Supp. 287 (D. Del. 1997).............................................................6, 9

*Woodman v. WWOR-TV, Inc.*,
    411 F.3d 69 (2d Cir. 2005)......................................................................9

**Statutes & Rules**

Fed. R. Civ. P. 8(a)(2) ...............................................................................4

Fed. R. Civ. P. 12(b)(6)..............................................................................6

NYC Admin Code, Title 8 §107(1)(a).................................................................4

## I.     PRELIMINARY STATEMENT

Defendant Goodwill Industries of Greater NY and Northern NJ, Inc. (referred to as "Goodwill" or "Goodtemps") respectfully submits this memorandum of law in support of its Motion to Dismiss the Complaint filed by Plaintiff Aurea Gonzalez on June 1, 2015 ("Complaint").

Plaintiff claims that she was discriminated and retaliated against by the several "Defendants" she names in her Complaint. Her specific claims against Goodtemps are premised on the allegation that Goodtemps was a "joint employer" of Plaintiff, with the New York City Department of Education (the "DOE"), which was her only employer.  (Compl. ¶21). However, Plaintiff fails to plead enough facts to establish Goodtemps' "joint employer" status.

Goodtemps is a division of Goodwill which functions as a staffing agency. Goodwill places individuals with significant disabilities in jobs throughout the New York City area.  In 2014, Goodtemps handled over 23,616 job seekers and helped place 1,611 of those people in jobs. Goodtemps helped place Plaintiff in her position with the DOE.  However, once Goodtemps placed Plaintiff, it had no control over Plaintiff's job at the DOE, as it did not supervise her or control any of the terms of her work, and did not make or have any input into the decision to terminate her.

In order to establish that Goodtemps was a "joint employer" with the DOE, Plaintiff must plead facts which would demonstrate that Goodtemps had control over Plaintiff's employment at the DOE, as well as a role in hiring, firing, discipline, pay, insurance, recordkeeping or supervision of Plaintiff.  **The Complaint alleges _none_ of these facts**. Instead, Plaintiff simply lumps all of the several named Defendants together as "All Defendants," and alleges that they are all "joint employers," asserting only conclusory allegations, backed up with absolutely _no_ factual support. The Complaint therefore states no viable claim that Goodtemps was Plaintiff's joint employer.

Moreover, even if the Complaint did allege facts which could establish that Goodtemps was a "joint employer," which it does not, it must also allege facts which show Goodtemps had

knowledge of, and a role in, the events that constitute the alleged discrimination and retaliation. Again, the Complaint makes no allegations in this regard whatsoever, and fails to allege any facts that show Goodtemps had knowledge of the alleged discrimination and retaliation, much less any role in it. Indeed, the only alleged conduct by Goodtemps occurred *after* the alleged discrimination and subsequent termination of Plaintiff by the DOE. (Compl. ¶¶ 52-52). It is hard to imagine any set of additional facts that could remedy this reality.

Simply put, the Complaint does not allege that Goodtemps was involved in any aspect of Plaintiff's employment with, or her termination from, the DOE, and is not alleged to have participated in the alleged discriminatory conduct. Plaintiff's allegations are wholly insufficient to state a claim against Goodtemps. Further, the Complaint cannot be rehabilitated with an amended pleading, as such facts do not exist. Thus, the Complaint fails to state a claim against Goodwill, and the claims against Goodwill should be dismissed with prejudice.

## II.   MATERIAL FACTUAL ALLEGATIONS[1]

Goodwill Industries of Greater NY and Northern NJ, Inc. is a non-profit organization, which, among other things, assists in providing contract and temporary staffing to individuals with disabilities. These staffing and placement services are carried out through a program called "Goodtemps." Goodtemps' principal place of business is located at 111 E. 59th Street, New York, NY 10022.

According to the Complaint, The DOE is a municipal entity duly organized under the laws of the State of New York and is primarily responsible for administering the New York City public school system. DOE's office is located at 44-36 Vernon Blvd, Long Island City, New York, 11101. (Compl. ¶ 14, 23).

---

[1]   Goodtemps accepts as true Plaintiff's allegations in her Complaint for the purposes of this Motion to Dismiss only. Defendants rely on the allegations in the Complaint for the facts asserted here. (*See* Dkt. No. 1).

On or about September 16, 2013, Goodtemps placed Plaintiff in a temporary assignment to work as an "Executive Secretary" for the DOE. (Compl. ¶ 23). According to the Complaint, on or about November 22, 2013, Plaintiff was transferred by the DOE to the DOE's Special Events Department. (Compl. ¶¶ 26-30).

The Complaint alleges that Robert Rivera, a DOE employee, sexually harassed Plaintiff. (Compl. ¶ 31).  The Complaint alleges that on or about December 2, 2013 Plaintiff reported the alleged harassment to Zelda Bryant Ashby, another DOE employee, along with the DOE's internal EEO department. (Compl. ¶¶ 32-49). Two days after reporting the harassment, Plaintiff alleges she was terminated by Ms. Ashby and subsequently filed a complaint with the DOE's internal EEO department alleging that Ms. Ashby retaliated against her. (Compl. ¶ 50-51).

Notably, there are no allegations anywhere in the Complaint involving or connecting Goodtemps to the alleged "harassment" or retaliation, all of which allegedly occurred at the DOE, and was committed by employees of the DOE.  According to the Complaint, it was *only after* her termination and her subsequent complaint of retaliation lodged with the DOE that Plaintiff claims she called Mark Dixon at Goodtemps to complain about the alleged sexual harassment. (Compl. ¶ 52).  This is the first and only allegation in the Complaint where Goodtemps is implicated.  (Compl. ¶ 52).  There are no facts showing Goodtemps had a role in, or could have stopped, the harassment. Nor are there any facts that Goodtemps had influence over, or could have controlled, the decision to terminate Plaintiff.  Indeed, according to the Complaint, the alleged harassment and retaliation all occurred before Goodtemps was even told of it. Other than the one allegation that Plaintiff told Mr. Dixon about the DOE's alleged harassment and retaliation *after* it occurred, there is nothing in the Complaint involving Goodtemps at all.

## III.     ARGUMENT

### A.     Standard Of Review On A Motion To Dismiss

Plaintiff is required to plead in her complaint "a short and plain statement . . . showing that she is entitled to relief." FED. R. CIV. P. 8(a)(2). "To survive a motion to dismiss, a complaint must contain sufficient factual matter . . . to state a claim to relief that is ***plausible*** on its face." *Williams v. Addie May Collins Cmty Center*, No. 11-CV-2256, 2012 U.S. Dist. Lexis 141829, at *4 (S.D.N.Y. Sept. 27, 2012) quoting *Ashcroft v. Iqbal,* 129 S. Ct. 1937, 1940, 556 U.S. 662, 678 (2009) (emphasis added). Plaintiff must do more than simply put forth "labels and conclusions" since "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements do not suffice." *Harris v. Mills,* 572 F. 3d 66, 72 (2d Cir. 2009); *Iqbal,* 129 S. Ct. at 1949. Accordingly, a complaint containing nothing more than "an unadorned, the-defendant-unlawfully-harmed-me accusation" must be dismissed. *Iqbal,* 129 S. Ct. at 1949 (citations omitted). Put simply, if, like here, the plaintiff has not "nudged [her] claims across the line from conceivable to plausible, [the] complaint must be dismissed." *Twombly,* 550 U.S. at 570. Here, Plaintiff has not pled sufficient facts to establish that Goodtemps is a joint employer with the DOE and the Court should therefore dismiss her claims against Goodtemps accordingly.

### B.     The Complaint Has Not Pled Sufficient Facts to Establish the Goodtemps Was Plaintiff's Joint Employer

#### 1.     *Plaintiff Has Not Pled Facts That Goodtemps Had Control Over Plaintiff, Which Is Required to Establish Joint Employer Liability*.

The New York City Human Rights Law ("NYCHRL") provides that it is unlawful for an "employer" to discriminate against an "employee." *See* NYC Admin Code, Title 8 §107(1)(a). Since the NYCHRL does not define the term "employer," courts have borrowed the definitions developed under Title VII of the Civil Rights Act ("Title VII"). *Tate v. Rocketball, Ltd.,* 45 F. Supp. 3d 268, 272 (E.D.N.Y. 2014).

In order to be an "employer," an entity must have some level of control over the terms of plaintiff's employment. *Rocketball*, 45 F. Supp. At 272 (quoting *Lima v. Adecco,* 634 F. Supp. 2d 394, 399 (S.D.N.Y. 2009), aff'd sub nom, *Lima v. Adecco &/or Platform Learning, Inc.,* 375 F. App'x 54 (2d Cir. 2010)).  Two entities may be deemed "joint employers" when they are "separate legal entities" that "handle certain aspects of their employer-employee relationship jointly." *Arcueleo v. On-Site Sales & Mktg., LLC,* 425 F.3d 193, 198 (2d Cir. 2005).

The Second Circuit has held that the element of control is the "principal guidepost" to be followed in determining whether a joint employment relationship exists. *Gulino v. N.Y. State Educ. Dep't,* 460 F.3d 361, 371-372 (2d Cir. 2006); *NLRB v. Solid Waste Servs., Inc.,* 38 F.3d 93, 94 (2d Cir. 1994) ("A joint employer relationship may be found to exist where there is sufficient evidence that the respondent had immediate control over the other company's employees."); *Pampillonia v. RJR Nabisco, Inc.,* 138 F.3d 459, 461 (2d. Cir. 1998) ("[A determination of employment status] turns on a number of factors, in particular, whether the alleged employer exercised control over the employee's conduct and the incidents of his employment.") (internal citations omitted).

Hence, in order to establish that a defendant was a "joint employer," Plaintiff must allege facts which establish defendant had control over her job at the DOE.  Courts routinely dismiss complaints at the pleading stage if those facts are not pled. *See Conde v. Sisley Cosmetics USA, Inc.,* No. 11-CV-4010, 2012 WL 1883508, at *34 (S.D.N.Y. May 23, 2012) (dismissing claims against defendant because the facts in the complaint failed to "suggest a level of control sufficient to establish a joint employment relationship.").

The case of *Triola v. ASRC Mgmt. Servs. (ASRC MS)*, No. 10-CV-560, 2011 U.S. Dist. Lexis 142429, *19 (E.D.N.Y. Dec. 12, 2011), is instructive.  The plaintiff there attempted to bring a discrimination claim against her employer and the staffing agency who placed her in the job –

alleging that the agency was her joint employer. The Complaint merely made conclusory allegations that the staffing agency "had the requisite means and manner of control over the positions to which Plaintiff applied to qualify as a joint employer." No facts were pled to show how the agency allegedly exercised control over plaintiff. The Court held that the claim against the agency should be dismissed because plaintiff only asserted in a conclusory fashion that the defendant had the "requisite means and manner of control." *Id.* The plaintiff needed to state **actual facts showing control** as opposed to just **alleging there was control**. *See Twombly,* 550 U.S. at 570. ("While a complaint attacked by a Rule 12(b)(6) motion to dismiss does need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do.").

Such is the case when staffing agencies, like Goodtemps, are alleged to be joint employers. Courts routinely hold that such joint employment cannot exist without facts showing that the agency exercised control over plaintiff's job. *See Watson v. Adecco Emp't Servs., Inc.*, 252 F.Supp.2d 1347, 1356 (M.D. Fla. 2003) (holding that defendant, "a temporary employment agency exercising no control over Plaintiffs' responsibility or duties once on assignment, cannot be considered the . . . employer [of the placed employees]"); *Astrovsky v. First Portland Mortg. Corp., Inc.*, 887 F.Supp. 332, 336-37 (D. Me. 1995) (finding no joint employer relationship between employment agency and client when agency "did not exercise any control over [plaintiff] as an employee" and plaintiff was "in essence, a permanent employee of [the client]."); *Williams v. Caruso*, 966 F. Supp. 287, 296 (D. Del. 1997) (finding that staffing agency was not employer of plaintiff because it merely issued a paycheck without determining the "manner and means" by which plaintiff's work was accomplished).

In this case, and similar to *Triola*, Plaintiff simply has not pled that Goodtemps exercised any control over her employment at the DOE. The only allegation as to Goodtemps' alleged "control" is one conclusory statement that Goodtemps, lumped together with all the other non-individual defendants, was "empowered to hire and fire Plaintiff Gonzalez, to discipline and supervise Plaintiff Gonzalez, to set the terms and conditions of her employment, and to promulgate work rules and assignments." (Complaint at ¶21). Such conclusory statements are, as in *Triola*, totally insufficient to withstand a motion to dismiss.

Indeed, other allegations in the Complaint clearly show that it was the DOE, not Goodtemps, which had control over Plaintiff's employment. For instance, the Complaint alleges that Plaintiff was offered a permanent position ***by the DOE***, (Compl. ¶ 26), that ***the DOE*** offered Plaintiff benefits like medical insurance, paid vacation, and sick days, (Compl. ¶ 29), that ***the DOE*** gave Plaintiff orders like "cleaning up after a catered event," (Compl. ¶ 33), that ***the DOE*** was aware of Plaintiff's whereabouts while working, (Compl. ¶ 36), that ***the DOE*** trained Plaintiff, (Compl. ¶ 41), and that ***the DOE*** transferred Plaintiff to work under the supervisor who later allegedly harassed her. (Compl. ¶¶ 30-31). Finally, it is ***the DOE*** which is alleged to have terminated Plaintiff. (Compl. ¶ 50). Goodtemps is not alleged to have done any of these things.

In sum, Plaintiff has herself pled facts that show the DOE had the control over her employment, and has failed to make any factual allegation that Goodtemps did, and the Court should dismiss all the claims in the Complaint as to Goodtemps on these grounds alone.

2.    ***Plaintiff Has Not Pled Facts That Establish Any Other Factors Required to Establish Joint Employer Liability***.

In determining whether an entity is a joint employer, courts not only look at control (which is the most important factor), but will also consider other factors such as the "commonality of hiring, firing, discipline, pay, insurance, records and supervision." *Creddille v. MTA N.Y. City*

*Transit Auth. & Core Envtl. Corp.,* 2014 U.S. Dist. LEXIS 88426, *15-17 (E.D.N.Y. June 25, 2014) (citing *NLRB v. Solid Waste Servs., Inc.,* 38 F.3d 93, 94 (2d Cir. 1994)). In the staffing agency context, a person is an employee of two entities when the person's "salary is paid by one entity while his services are engaged on a temporary basis by another." *Sosa v. Medstaff, Inc.*, No 12-CV-8926, 2013 U.S. Dist. Lexis 175278, *8 (S.D.N.Y. Dec. 12, 2013). (internal quotations omitted).

Plaintiff fails to plead any facts which would prove that any of these factors existed here. Plaintiff does not allege that Goodtemps hired her, fired her, disciplined her, or supervised her. Again, Plaintiff only makes a conclusory allegation that Goodtemps was "***empowered*** to hire and fire Plaintiff Gonzalez, to discipline and supervise Plaintiff Gonzalez, to set the terms and conditions of her employment, and to promulgate work rules and assignments." (Compl. ¶ 21). However, the Complaint is utterly silent as to how Goodtemps was supposedly "empowered" to do these things, or how, and whether, it <u>actually</u> did them. Thus, this conclusory allegation must be disregarded. *See Triola,* 2011 U.S. Dist. Lexis 142429, *19 (dismissing the Complaint when plaintiff did not plead allegations beyond conclusory ones which the Court held "may be disregarded on a motion to dismiss.").

The only "fact" that Plaintiff may point to is that Goodtemps is the entity that issued her paychecks. Courts have held this one fact insufficient to establish a joint employment relationship. *See Watson*, 252 F. Supp. 2d at 1356 (M.D. Fla. 2003) (ruling that temporary employment agency could not be considered the employer, when it exercised no control over Plaintiff's responsibilities, even though it issued paychecks to plaintiff); *Caruso*, 966 F. Supp. at 296 (same).

3. ***Alternatively, Assuming Goodtemps Was A "Joint Employer," It Is Not Liable For The Alleged Discrimination As Plaintiff Has Failed To Plead Facts Showing Knowledge Of, And Connection To, The DOE's Discriminatory Conduct.***

Case law is also clear that, even if Plaintiff had alleged sufficient facts that establish that Goodtemps was a joint employer, which Goodtemps submits Plaintiff has not done, it is not automatically the case that both joint employers are liable for discriminatory conduct. *Lima¸* 634 F. Supp. 2d at 400. Plaintiff must still allege facts showing "that the joint employer knew or should have known of the [discriminatory] conduct and failed to take corrective measures within its control." *Id.* (quoting *Watson,* 252 F. Supp. 2d at 1356-57). *See also Neal v. Manpower Int'l*, No. 00-CV-277, 2001 WL 1923127, at *9-10 (N.D.Fla. Sept. 17, 2001) (finding employment agency not responsible for the conduct of its client and client's employee, even assuming that the agency was a joint employer, because there was no evidence the agency knew, or should have known, of the alleged discriminatory conduct). Moreover, when evaluating discriminatory activity, courts must also focus on whether there are facts alleged that show the employer is the actual decision maker. *Sosa,* 2013 U.S. Dist. LEXIS 175278 at *9; S*ee also Woodman v. WWOR-TV, Inc.,* 411 F.3d 69, 89 (2d Cir. 2005) (finding that one employer's knowledge and discriminatory actions cannot be reasonably imputed to another employer unless it had a decision making role in that discharge). Plaintiff has not plead any of these things with regard to Goodtemps.

The decision in *Sosa* is particularly instructive in this regard. In that case, even when the Court found the staffing agency defendant to be a joint employer, it also found that the plaintiff had to do more: the plaintiff had to plead facts that establish the ***actual liability*** of the staffing agency. Instead, as here, the plaintiff alleged facts tending to establish the opposite. The alleged discriminatory conduct was alleged to have been committed by an individual with no alleged contact with the staffing agency. *Sosa*, 2013 U.S. Dis. LEXIS 175278 at *10-11. Moreover, the

Court noted that there was also no assertion that the staffing agency was in a position to control the alleged discriminator's conduct. *Id*.

The same is true in this case. Plaintiff has not alleged that Goodtemps made or had any role in the DOE's alleged harassment or the DOE's decision to fire her. Indeed, absent facts showing Goodtemps had any control over the decision to fire Plaintiff, or the harassment, Goodtemps cannot be found liable for the alleged discriminatory conduct. *See Sosa,* 2013 U.S. Dist. LEXIS 175278 at *10. *See also Watson,* 252 F. Supp. 2d at 1356-57 (finding that employment staffing agency was not liable for plaintiff's discriminatory discharge since it could not be shown that employment agency failed to take corrective measures within its control).

Plaintiff must also allege that Goodtemps at least ***knew*** of the DOE's alleged discrimination ***and*** had the power to do something to prevent it. Courts have held that it would be a "wholly unrealistic burden" to impose on a staffing agency like Goodtemps, the obligation to pressure its clients to respond to complaints of discrimination, or a requirement to conduct its own investigations of client conduct. *Riesgo v. Heidelberg Harris, Inc.*, 36 F.Supp.2d 53, 58 (D.N.H. 1997). This is especially true in cases where, like here, the staffing agency merely placed the employee in the position (and therefore did not employ the client's employees), had no authority to take action against the client's employees, and did not have control over the plaintiff's activities while employed with the client. *Id*.

In this case, Plaintiff alleges that Goodtemps was aware of the alleged discrimination ***only after Plaintiff was terminated*** by the DOE. (*See* Complaint at ¶52). Since Plaintiff concedes Goodtemps had no knowledge of the alleged discriminatory conduct prior to her termination, Goodtemps plainly cannot be responsible for such conduct. *Lima,* 634 F. Supp. 2d at 400. *See also Neal v. Manpower Int'l.,* No. 3:00-CV-277/LAC, 2001 U.S. Dist. LEXIS 25805, *33-35 (D.D.C.

1997) (finding employment agency not responsible for client's conduct because there was no evidence that the agency knew of the discriminatory conduct); *Caldwell v. ServiceMaster Corp.*, 966 F. Supp. 33, 46 (D.D.C. 1997) (finding employment agency not liable for its client's discriminatory conduct where plaintiff failed to give sufficient notice of the discrimination). Moreover, Plaintiff has failed to allege facts that show Goodtemps (i) was in a position to control the alleged discriminating individual's conduct; (ii) actually made the decision to fire her; (iii) had the power to prevent the firing; (iv) was even consulted by the DOE prior to the alleged discriminatory termination; and (v) knew anything about the discrimination. Indeed, by virtue of Plaintiff's own allegations as shown above, **the DOE was the entity that had the control over her employment**, as it determined the manner and means of her day-to-day conduct. Goodtemps simply had nothing to do with Plaintiff once she was placed at, and hired by, the DOE.

In sum, Plaintiff has alleged that an individual with no alleged contact with Goodtemps carried out discriminatory conduct. There is no allegation that Goodtemps discriminated against her, nor that Goodtemps had any control over her employment or the conduct of the alleged discriminators. Her allegations are simply insufficient to state a claim that Goodtemps is liable as a "joint employer" of Plaintiff and the Complaint should be dismissed as to Goodtemps.

## IV.   CONCLUSION

For all the foregoing reasons, Defendant Goodtemps requests that the Court dismiss the Complaint, with prejudice, for failure to state a cause of action under Federal Rule of Civil Procedure 12(b)(6).

Dated:  New York, New York
        September 18, 2015

Respectfully submitted,

   *s/Barbara E. Hoey*

_____

Barbara E. Hoey
John P.J. Mattiace
KELLEY DRYE & WARREN LLP
101 Park Avenue
New York, New York 10178
Phone: (212) 808-7800
Facsimile: (212) 808-7897
bhoey@kelleydrye.com
jmattiace@kelleydrye.com

*Attorneys for Defendant Goodwill Industries of
Greater NY and Northern NJ, Inc.*

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

---

AUREA GONZALEZ

                        Plaintiff,

        v.

THE CITY OF NEW YORK, NEW YORK CITY
DEPARTMENT OF EDUCATION, GOODWILL
INDUSTRIES OF GREATER NY AND
NORTHERN NJ, INC., ROBERT RIVERA,
*Individually* and ZELDA BRYANT ASHBY,
*Individually*,

                        Defendants.

---

Case No. 1:15-cv-03158 (WFK)(CLP)

---

**MEMORANDUM OF LAW IN SUPPORT OF DEFENDANT GOODWILL INDUSTRIES
OF GREATER NY AND NORTHERN NJ, INC.'S MOTION TO DISMISS FOR
FAILURE TO STATE A CLAIM UNDER FED. R. CIV. P. 12(b)(6)**

---

Barbara E. Hoey
John P.J. Mattiace
KELLEY DRYE & WARREN LLP
101 Park Avenue
New York, New York 10178
Phone: (212) 808-7800
Facsimile: (212) 808-7897
bhoey@kelleydrye.com
jmattiace@kelleydrye.com

*Attorneys for Defendant Goodwill Industries of
Greater NY and Northern NJ, Inc.*

# TABLE OF CONTENTS

**Page**

I.    PRELIMINARY STATEMENT ............................................................................. 1

II.   MATERIAL FACTUAL ALLEGATIONS.......................................................... 2

III.  ARGUMENT ...................................................................................................... 4

    A.    Standard Of Review On A Motion To Dismiss.................................... 4

    B.    The Complaint Has Not Pled Sufficient Facts To Establish That
Goodtemps Was Plaintiff's Joint Employer ......................................... 4

        1.    Plaintiff Has Not Pled Facts That Goodtemps Had Control Over
Plaintiff, Which Is Required to Establish Joint Employer Liability .......... 4

        2.    Plaintiff Has Not Pled Facts That Establish Any Other Factors
Required to Establish Joint Employer Liability........................................ 7

        3.    Alternatively, Assuming Goodtemps Was A "Joint Employer," It
Is Not Liable For The Alleged Discrimination As Plaintiff Has
Failed To Plead Facts Showing Knowledge Of, And Connection
To, The DOE's Discriminatory Conduct .................................................. 9

IV.   CONCLUSION.................................................................................................. 11

## <u>TABLE OF AUTHORITIES</u>

<u>Page</u>

### <u>CASES</u>

*Arcueleo v. On-Site Sales & Mktg., LLC,*
    425 F.3d 193 (2d Cir. 2005)..................................................................................7

*Ashcroft v. Iqbal,*
    129 S. Ct. 1937, 556 U.S. 662 (2009)..................................................................4

*Astrovsky v. First Portland Mortg. Corp., Inc.,*
    887 F.Supp. 332 (D. Me. 1995) ............................................................................6

*Caldwell v. ServiceMaster Corp.,*
    966 F. Supp. 33 (D.D.C. 1997) ...........................................................................11

*Conde v. Sisley Cosmetics USA, Inc.,*
    No. 11-CV-4010, 2012 WL 1883508 (S.D.N.Y. May 23, 2012) ..........................5

*Creddille v. MTA N.Y. City Transit Auth. & Core Envtl. Corp.,*
    2014 U.S. Dist. LEXIS 88426 (E.D.N.Y. June 25, 2014) ....................................8

*Gulino v. N.Y. State Educ. Dep't,*
    460 F.3d 361 (2d Cir. 2006)..................................................................................5

*Harris v. Mills,*
    572 F. 3d 66 (2d Cir. 2009)...................................................................................4

*Lima v. Adecco,*
    634 F. Supp. 2d 394 (S.D.N.Y. 2009)..............................................................9, 11

*Neal v. Manpower Int'l,*
    No. 00-CV-277, 2001 WL 1923127 (N.D.Fla. Sept. 17, 2001)............................9

*Neal v. Manpower Int'l., No. 3:00-CV-277/LAC,*
    2001 U.S. Dist. LEXIS 25805 (D.D.C. 1997) ....................................................11

*NLRB v. Solid Waste Servs., Inc.,*
    38 F.3d 93 (2d Cir. 1994)......................................................................................5

*Pampillonia v. RJR Nabisco, Inc.,*
    138 F.3d 459 (2d. Cir. 1998).................................................................................5

*Riesgo v. Heidelberg Harris, Inc.,*
    36 F.Supp.2d 53 (D.N.H. 1997)..........................................................................10

*Sosa v. Medstaff, Inc.,*
    No 12-CV-8926, 2013 U.S. Dist. Lexis 175278 (S.D.N.Y. Dec. 12, 2013)..................8, 9, 10

## TABLE OF AUTHORITIES (CONT.)

<u>Page</u>

*Tate v. Rocketball, Ltd.*,
    45 F. Supp. 3d 268, 272 (E.D.N.Y. 2014) ........................................................................4, 5

*Triola v. ASRC Mgmt. Servs. (ASRC MS)*,
    No. 10-CV-560, 2011 U.S. Dist. Lexis 142429 (E.D.N.Y. Dec. 12, 2011) .................5, 6, 7, 8

*Watson v. Adecco Emp't Servs., Inc.*,
    252 F.Supp.2d 1347 (M.D. Fla. 2003) ...........................................................................6, 8, 10

*Williams v. Addie May Collins Cmty Center*,
    No. 11-CV-2256, 2012 U.S. Dist. Lexis 141829 (S.D.N.Y. Sept. 27, 2012) ...........................4

*Williams v. Caruso*,
    966 F. Supp. 287 (D. Del. 1997) .........................................................................................6, 9

*Woodman v. WWOR-TV, Inc.*,
    411 F.3d 69 (2d Cir. 2005) .........................................................................................................9

**Statutes & Rules**

Fed. R. Civ. P. 8(a)(2) ................................................................................................................4

Fed. R. Civ. P. 12(b)(6) .............................................................................................................6

NYC Admin Code, Title 8 §107(1)(a) ........................................................................................4

## I.      PRELIMINARY STATEMENT

Defendant Goodwill Industries of Greater NY and Northern NJ, Inc. (referred to as "Goodwill" or "Goodtemps") respectfully submits this memorandum of law in support of its Motion to Dismiss the Complaint filed by Plaintiff Aurea Gonzalez on June 1, 2015 ("Complaint").

Plaintiff claims that she was discriminated and retaliated against by the several "Defendants" she names in her Complaint. Her specific claims against Goodtemps are premised on the allegation that Goodtemps was a "joint employer" of Plaintiff, with the New York City Department of Education (the "DOE"), which was her only employer.  (Compl. ¶21). However, Plaintiff fails to plead enough facts to establish Goodtemps' "joint employer" status.

Goodtemps is a division of Goodwill which functions as a staffing agency. Goodwill places individuals with significant disabilities in jobs throughout the New York City area.  In 2014, Goodtemps handled over 23,616 job seekers and helped place 1,611 of those people in jobs. Goodtemps helped place Plaintiff in her position with the DOE.  However, once Goodtemps placed Plaintiff, it had no control over Plaintiff's job at the DOE, as it did not supervise her or control any of the terms of her work, and did not make or have any input into the decision to terminate her.

In order to establish that Goodtemps was a "joint employer" with the DOE, Plaintiff must plead facts which would demonstrate that Goodtemps had control over Plaintiff's employment at the DOE, as well as a role in hiring, firing, discipline, pay, insurance, recordkeeping or supervision of Plaintiff.  **The Complaint alleges _none_ of these facts**. Instead, Plaintiff simply lumps all of the several named Defendants together as "All Defendants," and alleges that they are all "joint employers," asserting only conclusory allegations, backed up with absolutely _no_ factual support. The Complaint therefore states no viable claim that Goodtemps was Plaintiff's joint employer.

Moreover, even if the Complaint did allege facts which could establish that Goodtemps was a "joint employer," which it does not, it must also allege facts which show Goodtemps had

knowledge of, and a role in, the events that constitute the alleged discrimination and retaliation. Again, the Complaint makes no allegations in this regard whatsoever, and fails to allege any facts that show Goodtemps had knowledge of the alleged discrimination and retaliation, much less any role in it. Indeed, the only alleged conduct by Goodtemps occurred *after* the alleged discrimination and subsequent termination of Plaintiff by the DOE. (Compl. ¶¶ 52-52). It is hard to imagine any set of additional facts that could remedy this reality.

Simply put, the Complaint does not allege that Goodtemps was involved in any aspect of Plaintiff's employment with, or her termination from, the DOE, and is not alleged to have participated in the alleged discriminatory conduct. Plaintiff's allegations are wholly insufficient to state a claim against Goodtemps. Further, the Complaint cannot be rehabilitated with an amended pleading, as such facts do not exist. Thus, the Complaint fails to state a claim against Goodwill, and the claims against Goodwill should be dismissed with prejudice.

## II.     MATERIAL FACTUAL ALLEGATIONS[1]

Goodwill Industries of Greater NY and Northern NJ, Inc. is a non-profit organization, which, among other things, assists in providing contract and temporary staffing to individuals with disabilities. These staffing and placement services are carried out through a program called "Goodtemps." Goodtemps' principal place of business is located at 111 E. 59th Street, New York, NY 10022.

According to the Complaint, The DOE is a municipal entity duly organized under the laws of the State of New York and is primarily responsible for administering the New York City public school system. DOE's office is located at 44-36 Vernon Blvd, Long Island City, New York, 11101. (Compl. ¶ 14, 23).

---

[1]     Goodtemps accepts as true Plaintiff's allegations in her Complaint for the purposes of this Motion to Dismiss only. Defendants rely on the allegations in the Complaint for the facts asserted here. (*See* Dkt. No. 1).

On or about September 16, 2013, Goodtemps placed Plaintiff in a temporary assignment to work as an "Executive Secretary" for the DOE. (Compl. ¶ 23). According to the Complaint, on or about November 22, 2013, Plaintiff was transferred by the DOE to the DOE's Special Events Department. (Compl. ¶¶ 26-30).

The Complaint alleges that Robert Rivera, a DOE employee, sexually harassed Plaintiff. (Compl. ¶ 31).  The Complaint alleges that on or about December 2, 2013 Plaintiff reported the alleged harassment to Zelda Bryant Ashby, another DOE employee, along with the DOE's internal EEO department. (Compl. ¶¶ 32-49). Two days after reporting the harassment, Plaintiff alleges she was terminated by Ms. Ashby and subsequently filed a complaint with the DOE's internal EEO department alleging that Ms. Ashby retaliated against her. (Compl. ¶ 50-51).

Notably, there are no allegations anywhere in the Complaint involving or connecting Goodtemps to the alleged "harassment" or retaliation, all of which allegedly occurred at the DOE, and was committed by employees of the DOE.  According to the Complaint, it was *only after* her termination and her subsequent complaint of retaliation lodged with the DOE that Plaintiff claims she called Mark Dixon at Goodtemps to complain about the alleged sexual harassment. (Compl. ¶ 52).  This is the first and only allegation in the Complaint where Goodtemps is implicated.  (Compl. ¶ 52).  There are no facts showing Goodtemps had a role in, or could have stopped, the harassment. Nor are there any facts that Goodtemps had influence over, or could have controlled, the decision to terminate Plaintiff.  Indeed, according to the Complaint, the alleged harassment and retaliation all occurred before Goodtemps was even told of it. Other than the one allegation that Plaintiff told Mr. Dixon about the DOE's alleged harassment and retaliation ***after*** it occurred, there is nothing in the Complaint involving Goodtemps at all.

### III.   <u>ARGUMENT</u>

**A.**   **Standard Of Review On A Motion To Dismiss**

Plaintiff is required to plead in her complaint "a short and plain statement . . . showing that she is entitled to relief." FED. R. CIV. P. 8(a)(2). "To survive a motion to dismiss, a complaint must contain sufficient factual matter . . . to state a claim to relief that is ***plausible*** on its face." *Williams v. Addie May Collins Cmty Center*, No. 11-CV-2256, 2012 U.S. Dist. Lexis 141829, at *4 (S.D.N.Y. Sept. 27, 2012) quoting *Ashcroft v. Iqbal,* 129 S. Ct. 1937, 1940, 556 U.S. 662, 678 (2009) (emphasis added). Plaintiff must do more than simply put forth "labels and conclusions" since "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements do not suffice." *Harris v. Mills,* 572 F. 3d 66, 72 (2d Cir. 2009); *Iqbal,* 129 S. Ct. at 1949. Accordingly, a complaint containing nothing more than "an unadorned, the-defendant-unlawfully-harmed-me accusation" must be dismissed. *Iqbal,* 129 S. Ct. at 1949 (citations omitted). Put simply, if, like here, the plaintiff has not "nudged [her] claims across the line from conceivable to plausible, [the] complaint must be dismissed." *Twombly,* 550 U.S. at 570. Here, Plaintiff has not pled sufficient facts to establish that Goodtemps is a joint employer with the DOE and the Court should therefore dismiss her claims against Goodtemps accordingly.

**B.**   **The Complaint Has Not Pled Sufficient Facts to Establish the Goodtemps Was Plaintiff's Joint Employer**

      1.   ***Plaintiff Has Not Pled Facts That Goodtemps Had Control Over Plaintiff, Which Is Required to Establish Joint Employer Liability***.

The New York City Human Rights Law ("NYCHRL") provides that it is unlawful for an "employer" to discriminate against an "employee." *See* NYC Admin Code, Title 8 §107(1)(a). Since the NYCHRL does not define the term "employer," courts have borrowed the definitions developed under Title VII of the Civil Rights Act ("Title VII"). *Tate v. Rocketball, Ltd.,* 45 F. Supp. 3d 268, 272 (E.D.N.Y. 2014).

In order to be an "employer," an entity must have some level of control over the terms of plaintiff's employment. *Rocketball*, 45 F. Supp. At 272 (quoting *Lima v. Adecco,* 634 F. Supp. 2d 394, 399 (S.D.N.Y. 2009), aff'd sub nom, *Lima v. Adecco &/or Platform Learning, Inc.,* 375 F. App'x 54 (2d Cir. 2010)).  Two entities may be deemed "joint employers" when they are "separate legal entities" that "handle certain aspects of their employer-employee relationship jointly." *Arcueleo v. On-Site Sales & Mktg., LLC,* 425 F.3d 193, 198 (2d Cir. 2005).

The Second Circuit has held that the element of control is the "principal guidepost" to be followed in determining whether a joint employment relationship exists. *Gulino v. N.Y. State Educ. Dep't,* 460 F.3d 361, 371-372 (2d Cir. 2006); *NLRB v. Solid Waste Servs., Inc.*, 38 F.3d 93, 94 (2d Cir. 1994) ("A joint employer relationship may be found to exist where there is sufficient evidence that the respondent had immediate control over the other company's employees."); *Pampillonia v. RJR Nabisco, Inc.,* 138 F.3d 459, 461 (2d. Cir. 1998) ("[A determination of employment status] turns on a number of factors, in particular, whether the alleged employer exercised control over the employee's conduct and the incidents of his employment.") (internal citations omitted).

Hence, in order to establish that a defendant was a "joint employer," Plaintiff must allege facts which establish defendant had control over her job at the DOE.  Courts routinely dismiss complaints at the pleading stage if those facts are not pled. *See Conde v. Sisley Cosmetics USA, Inc.*, No. 11-CV-4010, 2012 WL 1883508, at *34 (S.D.N.Y. May 23, 2012) (dismissing claims against defendant because the facts in the complaint failed to "suggest a level of control sufficient to establish a joint employment relationship.").

The case of *Triola v. ASRC Mgmt. Servs. (ASRC MS)*, No. 10-CV-560, 2011 U.S. Dist. Lexis 142429, *19 (E.D.N.Y. Dec. 12, 2011), is instructive.  The plaintiff there attempted to bring a discrimination claim against her employer and the staffing agency who placed her in the job –

alleging that the agency was her joint employer. The Complaint merely made conclusory allegations that the staffing agency "had the requisite means and manner of control over the positions to which Plaintiff applied to qualify as a joint employer." No facts were pled to show how the agency allegedly exercised control over plaintiff. The Court held that the claim against the agency should be dismissed because plaintiff only asserted in a conclusory fashion that the defendant had the "requisite means and manner of control." *Id.* The plaintiff needed to state **actual facts showing control** as opposed to just **alleging there was control**. *See Twombly,* 550 U.S. at 570. ("While a complaint attacked by a Rule 12(b)(6) motion to dismiss does need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do.").

Such is the case when staffing agencies, like Goodtemps, are alleged to be joint employers. Courts routinely hold that such joint employment cannot exist without facts showing that the agency exercised control over plaintiff's job. *See Watson v. Adecco Emp't Servs., Inc.*, 252 F.Supp.2d 1347, 1356 (M.D. Fla. 2003) (holding that defendant, "a temporary employment agency exercising no control over Plaintiffs' responsibility or duties once on assignment, cannot be considered the . . . employer [of the placed employees]"); *Astrovsky v. First Portland Mortg. Corp., Inc.*, 887 F.Supp. 332, 336-37 (D. Me. 1995) (finding no joint employer relationship between employment agency and client when agency "did not exercise any control over [plaintiff] as an employee" and plaintiff was "in essence, a permanent employee of [the client]."); *Williams v. Caruso*, 966 F. Supp. 287, 296 (D. Del. 1997) (finding that staffing agency was not employer of plaintiff because it merely issued a paycheck without determining the "manner and means" by which plaintiff's work was accomplished).

In this case, and similar to *Triola*, Plaintiff simply has not pled that Goodtemps exercised any control over her employment at the DOE. The only allegation as to Goodtemps' alleged "control" is one conclusory statement that Goodtemps, lumped together with all the other non-individual defendants, was "empowered to hire and fire Plaintiff Gonzalez, to discipline and supervise Plaintiff Gonzalez, to set the terms and conditions of her employment, and to promulgate work rules and assignments." (Complaint at ¶21). Such conclusory statements are, as in *Triola*, totally insufficient to withstand a motion to dismiss.

Indeed, other allegations in the Complaint clearly show that it was the DOE, not Goodtemps, which had control over Plaintiff's employment. For instance, the Complaint alleges that Plaintiff was offered a permanent position ***by the DOE***, (Compl. ¶ 26), that ***the DOE*** offered Plaintiff benefits like medical insurance, paid vacation, and sick days, (Compl. ¶ 29), that ***the DOE*** gave Plaintiff orders like "cleaning up after a catered event," (Compl. ¶ 33), that ***the DOE*** was aware of Plaintiff's whereabouts while working, (Compl. ¶ 36), that ***the DOE*** trained Plaintiff, (Compl. ¶ 41), and that ***the DOE*** transferred Plaintiff to work under the supervisor who later allegedly harassed her. (Compl. ¶¶ 30-31). Finally, it is ***the DOE*** which is alleged to have terminated Plaintiff. (Compl. ¶ 50). Goodtemps is not alleged to have done any of these things.

In sum, Plaintiff has herself pled facts that show the DOE had the control over her employment, and has failed to make any factual allegation that Goodtemps did, and the Court should dismiss all the claims in the Complaint as to Goodtemps on these grounds alone.

2.     ***Plaintiff Has Not Pled Facts That Establish Any Other Factors Required to Establish Joint Employer Liability***.

In determining whether an entity is a joint employer, courts not only look at control (which is the most important factor), but will also consider other factors such as the "commonality of hiring, firing, discipline, pay, insurance, records and supervision." *Creddille v. MTA N.Y. City*

*Transit Auth. & Core Envtl. Corp.,* 2014 U.S. Dist. LEXIS 88426, *15-17 (E.D.N.Y. June 25, 2014) (citing *NLRB v. Solid Waste Servs., Inc.,* 38 F.3d 93, 94 (2d Cir. 1994)). In the staffing agency context, a person is an employee of two entities when the person's "salary is paid by one entity while his services are engaged on a temporary basis by another." *Sosa v. Medstaff, Inc.*, No 12-CV-8926, 2013 U.S. Dist. Lexis 175278, *8 (S.D.N.Y. Dec. 12, 2013). (internal quotations omitted).

Plaintiff fails to plead any facts which would prove that any of these factors existed here. Plaintiff does not allege that Goodtemps hired her, fired her, disciplined her, or supervised her. Again, Plaintiff only makes a conclusory allegation that Goodtemps was "***empowered*** to hire and fire Plaintiff Gonzalez, to discipline and supervise Plaintiff Gonzalez, to set the terms and conditions of her employment, and to promulgate work rules and assignments." (Compl. ¶ 21). However, the Complaint is utterly silent as to how Goodtemps was supposedly "empowered" to do these things, or how, and whether, it <u>actually</u> did them. Thus, this conclusory allegation must be disregarded. *See Triola,* 2011 U.S. Dist. Lexis 142429, *19 (dismissing the Complaint when plaintiff did not plead allegations beyond conclusory ones which the Court held "may be disregarded on a motion to dismiss.").

The only "fact" that Plaintiff may point to is that Goodtemps is the entity that issued her paychecks. Courts have held this one fact insufficient to establish a joint employment relationship. *See Watson*, 252 F. Supp. 2d at 1356 (M.D. Fla. 2003) (ruling that temporary employment agency could not be considered the employer, when it exercised no control over Plaintiff's responsibilities, even though it issued paychecks to plaintiff); *Caruso*, 966 F. Supp. at 296 (same).

3.    ***Alternatively, Assuming Goodtemps Was A "Joint Employer," It Is Not Liable For The Alleged Discrimination As Plaintiff Has Failed To Plead Facts Showing Knowledge Of, And Connection To, The DOE's Discriminatory Conduct***.

Case law is also clear that, even if Plaintiff had alleged sufficient facts that establish that Goodtemps was a joint employer, which Goodtemps submits Plaintiff has not done, it is not automatically the case that both joint employers are liable for discriminatory conduct. *Lima¸* 634 F. Supp. 2d at 400. Plaintiff must still allege facts showing "that the joint employer knew or should have known of the [discriminatory] conduct and failed to take corrective measures within its control." *Id.* (quoting *Watson,* 252 F. Supp. 2d at 1356-57). *See also Neal v. Manpower Int'l*, No. 00-CV-277, 2001 WL 1923127, at *9-10 (N.D.Fla. Sept. 17, 2001) (finding employment agency not responsible for the conduct of its client and client's employee, even assuming that the agency was a joint employer, because there was no evidence the agency knew, or should have known, of the alleged discriminatory conduct). Moreover, when evaluating discriminatory activity, courts must also focus on whether there are facts alleged that show the employer is the actual decision maker. *Sosa,* 2013 U.S. Dist. LEXIS 175278 at *9; S*ee also Woodman v. WWOR-TV, Inc.,* 411 F.3d 69, 89 (2d Cir. 2005) (finding that one employer's knowledge and discriminatory actions cannot be reasonably imputed to another employer unless it had a decision making role in that discharge). Plaintiff has not plead any of these things with regard to Goodtemps.

The decision in *Sosa* is particularly instructive in this regard. In that case, even when the Court found the staffing agency defendant to be a joint employer, it also found that the plaintiff had to do more: the plaintiff had to plead facts that establish the ***_actual liability_*** of the staffing agency. Instead, as here, the plaintiff alleged facts tending to establish the opposite. The alleged discriminatory conduct was alleged to have been committed by an individual with no alleged contact with the staffing agency. *Sosa*, 2013 U.S. Dis. LEXIS 175278 at *10-11. Moreover, the

Court noted that there was also no assertion that the staffing agency was in a position to control the alleged discriminator's conduct. *Id*.

The same is true in this case. Plaintiff has not alleged that Goodtemps made or had any role in the DOE's alleged harassment or the DOE's decision to fire her. Indeed, absent facts showing Goodtemps had any control over the decision to fire Plaintiff, or the harassment, Goodtemps cannot be found liable for the alleged discriminatory conduct. *See Sosa,* 2013 U.S. Dist. LEXIS 175278 at *10. *See also Watson,* 252 F. Supp. 2d at 1356-57 (finding that employment staffing agency was not liable for plaintiff's discriminatory discharge since it could not be shown that employment agency failed to take corrective measures within its control).

Plaintiff must also allege that Goodtemps at least ***knew*** of the DOE's alleged discrimination ***and*** had the power to do something to prevent it. Courts have held that it would be a "wholly unrealistic burden" to impose on a staffing agency like Goodtemps, the obligation to pressure its clients to respond to complaints of discrimination, or a requirement to conduct its own investigations of client conduct. *Riesgo v. Heidelberg Harris, Inc.*, 36 F.Supp.2d 53, 58 (D.N.H. 1997). This is especially true in cases where, like here, the staffing agency merely placed the employee in the position (and therefore did not employ the client's employees), had no authority to take action against the client's employees, and did not have control over the plaintiff's activities while employed with the client. *Id*.

In this case, Plaintiff alleges that Goodtemps was aware of the alleged discrimination ***only after Plaintiff was terminated*** by the DOE. (*See* Complaint at ¶52). Since Plaintiff concedes Goodtemps had no knowledge of the alleged discriminatory conduct prior to her termination, Goodtemps plainly cannot be responsible for such conduct. *Lima,* 634 F. Supp. 2d at 400. *See also Neal v. Manpower Int'l., No. 3:00-CV-277/LAC,* 2001 U.S. Dist. LEXIS 25805, *33-35 (D.D.C.

1997) (finding employment agency not responsible for client's conduct because there was no evidence that the agency knew of the discriminatory conduct); *Caldwell v. ServiceMaster Corp.,* 966 F. Supp. 33, 46 (D.D.C. 1997) (finding employment agency not liable for its client's discriminatory conduct where plaintiff failed to give sufficient notice of the discrimination). Moreover, Plaintiff has failed to allege facts that show Goodtemps (i) was in a position to control the alleged discriminating individual's conduct; (ii) actually made the decision to fire her; (iii) had the power to prevent the firing; (iv) was even consulted by the DOE prior to the alleged discriminatory termination; and (v) knew anything about the discrimination. Indeed, by virtue of Plaintiff's own allegations as shown above, **the DOE was the entity that had the control over her employment**, as it determined the manner and means of her day-to-day conduct. Goodtemps simply had nothing to do with Plaintiff once she was placed at, and hired by, the DOE.

In sum, Plaintiff has alleged that an individual with no alleged contact with Goodtemps carried out discriminatory conduct. There is no allegation that Goodtemps discriminated against her, nor that Goodtemps had any control over her employment or the conduct of the alleged discriminators. Her allegations are simply insufficient to state a claim that Goodtemps is liable as a "joint employer" of Plaintiff and the Complaint should be dismissed as to Goodtemps.

## IV.    CONCLUSION

For all the foregoing reasons, Defendant Goodtemps requests that the Court dismiss the Complaint, with prejudice, for failure to state a cause of action under Federal Rule of Civil Procedure 12(b)(6).

Dated:  New York, New York
        September 18, 2015

                                      Respectfully submitted,

                                      *s/Barbara E. Hoey*

                                  _____

                                  Barbara E. Hoey
                                  John P.J. Mattiace
                                  KELLEY DRYE & WARREN LLP
                                  101 Park Avenue
                                  New York, New York 10178
                                  Phone: (212) 808-7800
                                  Facsimile: (212) 808-7897
                                  bhoey@kelleydrye.com
                                  jmattiace@kelleydrye.com

                                  *Attorneys for Defendant Goodwill Industries of*
                                  *Greater NY and Northern NJ, Inc.*