UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X   15-cv-03158 (WFK)(CLP)
AUREA GONZALEZ,

                                    Plaintiff,

              -against-

THE CITY OF NEW YORK, NEW YORK CITY DEPARTMENT OF EDUCATION, GOODWILL INDUSTRIES OF GREATER NY AND NORTHERN NJ, INC., ROBERT RIVERA, *Individually* and ZELDA BRYANT ASHBY, *Individually*,

                                  Defendants.
------------------------------------------------------------------------X

## PLAINTIFF'S MEMORANDUM OF LAW IN OPPOSITION TO <u>DEFENDANT GOODTEMPS' MOTION TO DISMISS</u>

**PHILLIPS & ASSOCIATES, PLLC**
**45 Broadway, Suite 620**
**New York, New York 10006**
**(212) 248-7431**

**TABLE OF CONTENTS**

PRELIMINARY STATEMENT……………………………………………………………..1

STATEMENT OF MATERIAL FACTS..…………………………………………………...1

ARGUMENTS……………………………………………………………………………….1

    STANDARD OF REVIEW………………………………………………………………1

        Point I:     PLAINTIFF HAS SUFFICIENTLY PLED FACTS TO
                         ESTABLISH THAT GOODTEMPS WAS PLAINTIFF'S
                         JOINT EMPLOYER…………………………………………………………2

                        A.  Plaintiff Has Sufficiently Pled That Defendant Goodtemps
                            Was A Joint Employer…………………………………………………….2
                        B.  In the Alternative, Plaintiff Should Be Afforded the Opportunity
                            to Prove Joint Employer Relationship Through Discovery……………..5

        Point II:    DEFENDANT GOODTEMPS IS LIABLE FOR
                         GENDER DISCRIMINATION………………………………………………7

                        A.  Plaintiff Is Not Required To Prove That Defendant Goodtemps
                            Knew Or Should Have Known of the Discriminatory Conduct……….7

                        B.  Alternatively, Plaintiff Should be Afforded the Opportunity
                            to Prove Defendant Goodtemps Knew or Should Have
                            Known of the Discriminatory Conduct…………………………………8

        Point III:   DEFENDANT GOODTEMPS IS LIABLE
                         FOR RETALIATION……………………….......................................9

        Point IV:   DEFENDANT GOODTEMPS UNLAWFULLY ATTEMPTED
                         TO INTERFERE WITH PLAINTIFF'S EXERCISE OR
                         ENJOYMENT OF HER PROTECTED RIGHTS………………………..12

CONCLUSION……………………………………………………………………………...13

## **TABLE OF AUTHORITIES**

**CASES**                                                                                                    Page(s)

Amarnare v. Merrill Lynch, Pierce, Fenner & Smith, Inc.
611 F. Supp. 344 (S.D.N.Y. 1984)……..…………………………………………………..4

Arculeo v. On-Site Sales Mktg., LLC
321 F. Supp. 2d 604 (S.D.N.Y. 2004)…………………………………………………..3

Ashcroft v. Iqbal
556 U.S. 662 (2009)……………………………………………………………….....…2

Ayala v. Metro One Sec. Sys., Inc.
2011 U.S. Dist. LEXIS 42325 (E.D.N.Y. Apr. 19, 2011)………………………………….5

Bakeer v. Nippon Cargo Airlines, Co.
2011 U.S. Dist. LEXIS 90102 (E.D.N.Y. July 25, 2011)…………………………………7

Bell Atl. Corp. v. Twombly
550 U.S. 544 (2007)……………………………………………………………………..2

Cleveland v. Caplaw Enters.
448 F.3d 518 (2d Cir. 2006)……………………………………………………………..1

Clinton's Ditch Co-op Co., Inc. v. NLRB
778 F.2d 132 (2d Cir. 1985)……………………………………………………………..5

Da Silva v. Kinsho Int'l Corp.
229 F.3d 358 (2d Cir. 2000)……………………………………………………………..5

DeWitt v. Lieberman
48 F. Supp. 2d 280 (S.D.N.Y. 1999)……………………………………………………4

Dias v. Cmty. Action Project, Inc.
2009 U.S. Dist. LEXIS 17562, 2009 WL 595601 (E.D.N.Y. Mar. 4, 2009)……………2, 5, 7

Diaz v. NBC Universal, Inc.
536 F.Supp.2d 337 (S.D.N.Y. 2008)……………………………………………….....…1

Duarte v. Tri-State Physical Med. & Rehab., P.C.
2012 U.S. Dist. LEXIS 96249 (S.D.N.Y. July 10, 2012)………………………………..5

El Sayed v. Hilton Hotels Corp.
627 F.3d 931 (2d Cir. 2010)……………………………………………………………10

Farzan v. Wells Fargo Bank, N.A.
2013 U.S. Dist. LEXIS 169743 (S.D.N.Y. Dec. 2, 2013)……………………………………2, 3, 6

Fattoruso v. Hilton Grand Vacations Co.
525 Fed. Appx. 26, 2013 U.S. App. LEXIS 9881 (2d Cir. 2013)……………………………….10

Forsythe v. N.Y. City Dep't of Citywide Admin. Servs.
733 F. Supp. 2d 392 (S.D.N.Y. 2010), *aff'd*, 428 F. App'x 40 (2d Cir. 2011)…………………..2-3

Fowler v. Scores Holding Co.
677 F. Supp. 2d 673 (S.D.N.Y. 2009)……………………………………………………...3, 6

Gallo v. Alitalia - Linee Aeree Italiane - Societa Per Azioni
585 F. Supp. 2d 520 (S.D.N.Y. 2008)……………………………………………………………13

Goodman v. Port Auth. of N.Y. & N.J.,
850 F. Supp. 2d 363 (S.D.N.Y. 2012)…………………………………………………….....9

Gore v. RBA Grp., Inc.
2008 U.S. Dist. LEXIS 25912, 2008 WL 857530 (S.D.N.Y. Mar. 31, 2008)……………………..3

Haight v. NYU Langone Med. Ctr.
2014 U.S. Dist. LEXIS 88117, 2014 WL 2933190 (S.D.N.Y. June 27, 2014)…………………3

Iqbal v. Ashcroft
574 F.3d 820 (2d Cir. 2009)………………………………………………………………………13

Kern v. City of Rochester
93 F.3d 38 (2d Cir. 1996)………………………………………………………………………..3

Kudatzky v. Galbreath Co.
1997 U.S. Dist. LEXIS 14445 (S.D.N.Y. Sept. 23, 1997)…………………………………………9

Laurin v. Pokoik
2004 U.S. Dist. LEXIS 4066, 2004 WL 513999 (S.D.N.Y. Mar. 15, 2004)………………………3

Lima v. Addeco
634 F. Supp. 2d 394 (S.D.N.Y. 2009)……………………………………………………...3, 4, 7, 8

Lima v. Adecco &/or Platform Learning, Inc.
375 F. App'x 54 (2d Cir. 2010)…………………………………………………………………3

Lihli Fashions Corp. v. NRLB
80 F.3d 743, (2d Cir. 1996)……………………………………………………………………..5

Mariotti v. Alitalia-Linee Aeree Italiane Societa Per Azioni
2008 N.Y. Slip Op. 32160(U) (N.Y. Sup. Ct. 2008)……………………………………………..12

Mayers v. Emigrant Bancorp, Inc.
796 F. Supp. 2d 434 (S.D.N.Y. 2011)……………………………………………………………10

McDougal v. State Univ. of N.Y. Downstate Med. Ctr.
2013 U.S. Dist. LEXIS 51087 (E.D.N.Y. Apr. 9, 2013)……………………………………..7, 8

National R.R. Passenger Corp. v. Morgan
536 U.S. 101 (2002)………………………………………………………………………….....9

Nechis v. Oxford Health Plans, Inc.
421 F.3d 96 (2d Cir. 2005)……………………………………………………………….....…1

Parker v. Workmen's Circle Ctr. of the Bronx, Inc.
2015 U.S. Dist. LEXIS 131205 (S.D.N.Y. Sept. 29, 2015)…………………………………….12

Peralta v. Roros 940, Inc.
72 F. Supp. 3d 385 (E.D.N.Y. 2014……………………………………………………………12

Quinn v. Green Tree Credit Corp.
159 F.3d 759 (2d Cir. 1998)……………………………………………………………….....9

Williams v. N.Y. City Hous. Auth.
61 A.D.3d 62, 872 N.Y.S.2d 27 (1st Dep't 2009)………………………………………………10

Zheng v. Liberty Apparel Co.
355 F.3d 61 (2d Cir. 2003)…………………………………………………………………….5

**ADMINISTRATIVE DECISIONS**

Browning-Ferris Industries of California, Inc., 362 NLRB No. 186 (2015)……………………4, 8

**STATUTES**

N.Y.C. Admin. Code § 8-107(1)(a) (2014)………………………………………………………10

N.Y.C. Admin. Code § 8-107(19)(2014)…………………………………………………………12

**RULES**

Fed. R. Civ. P. 12(b)(6)………………………………………………………………………....1

Fed. R. Civ. P. 15(a))……………………………………………………………………………13

**PRELIMINARY STATEMENT**

Plaintiff, Aurea Gonzalez, (hereinafter "Ms. Gonzalez" or "Plaintiff"), respectfully submits the within memorandum of law in opposition to the motion to dismiss, as submitted by Defendant Goodwill Industries of Greater NY and Northern NJ, Inc., (hereinafter "Goodtemps" or "Goodwill").

As illustrated by case law and all the pleadings, the facts have been sufficiently plead to hold Defendant Goodtemps liable as a joint employer for gender discrimination and retaliation in violation of the New York City Human Rights Law (hereinafter "NYCHRL"). If resolved in Plaintiff's favor, said facts would further support all of the legal elements necessary to sustain Plaintiff's New York City law claims as against Defendant Goodtemps.

**STATEMENT OF MATERIAL FACTS**

For the sake of brevity, the Plaintiff respectfully refers this Court to the factual background as set forth in Plaintiff's Complaint in this action.

**ARGUMENTS**

**STANDARD OF REVIEW**

Federal Rules of Civil Procedure 12(b)(6) provides for dismissal of a complaint that fails to state a claim upon which relief can be granted. See Fed. R. Civ. P. 12(b)(6). The standard of review on a motion to dismiss is heavily weighted in favor of the Plaintiff. See Diaz v. NBC Universal, Inc., 536 F.Supp.2d 337, 341 (S.D.N.Y. 2008). In reviewing a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6), the Court must accept the factual allegations set forth in the complaint as true and draw all reasonable inferences in favor of the plaintiff. See Cleveland v. Caplaw Enters., 448 F.3d 518, 521 (2d Cir. 2006); Nechis v. Oxford Health Plans, Inc., 421 F.3d 96, 100 (2d Cir. 2005). Moreover, this standard does not require a "heightened fact

1

pleading of specifics, but only enough facts to state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (*quoting* Twombly, 550 U.S. at 556-57).

In the instant matter, the facts asserted state a claim that is plausible on its face. The statements contained in Plaintiff's Complaint demonstrate at least a sheer possibility that Defendant Goodtemps was a joint employer of Plaintiff Gonzalez, and that they are liable for the discrimination and retaliation to which she was subjected.

## POINT I:

### PLAINTIFF HAS SUFFICIENTLY PLED FACTS TO ESTABLISH THAT GOODTEMPS WAS PLAINTIFF'S JOINT EMPLOYER

As a threshold matter, a discrimination claim may only be asserted by a plaintiff against her "employer." *See* N.Y.C. Admin. Code, Title 8 § 107(1)(a). Here, Defendant Goodtemps was a joint employer with Defendant New York City Department of Education, (hereinafter "BOE").

**A. Plaintiff Has Sufficiently Pled That Defendant Goodtemps Was A Joint Employer**

It is important to note that this Court has held that there is "no heightened pleading standard" and a plaintiff alleging a joint employer relationship is not required to "plead specific facts" establishing joint employment. *See* Dias v. Cmty. Action Project, Inc., 2009 U.S. Dist. LEXIS 17562, *17, 2009 WL 595601 (E.D.N.Y. Mar. 4, 2009). In cases where more than one potential employer exists, "'liability may be found when separate legal entities have chosen to handle certain aspects of their employer-employee relationships jointly.'" Farzan v. Wells Fargo Bank, N.A., 2013 U.S. Dist. LEXIS 169743, *49 (S.D.N.Y. Dec. 2, 2013)(*quoting* Forsythe v.

2

N.Y. City Dep't of Citywide Admin. Servs., 733 F. Supp. 2d 392, 397 (S.D.N.Y. 2010), *aff'd*, 428 F. App'x 40 (2d Cir. 2011)). "An employee formally employed by one entity can be found to be constructively employed by another entity, and thus may impose liability for violations of employment law on the constructive employer." Fowler v. Scores Holding Co., 677 F. Supp. 2d 673, 681 (S.D.N.Y. 2009). "Thus, the concept of employer in the discrimination context must be understood 'functionally, to encompass persons who are not employers in conventional terms, but who nevertheless control some aspect of an employee's compensation or terms, conditions, or privileges of employment.'" Farzan, 2013 U.S. Dist. LEXIS 169743 at*49-50 (*quoting* Gore v. RBA Grp., Inc., 2008 U.S. Dist. LEXIS 25912, 2008 WL 857530, at *4 (S.D.N.Y. Mar. 31, 2008)(citation omitted).

Along with control, courts have also looked to "commonality of hiring, firing, discipline, pay, insurance, records, and supervision" between employer-entities. Lima v. Addeco, 634 F. Supp. 2d 394, 400 (S.D.N.Y. 2009) *aff'd sub nom.* Lima v. Adecco &/or Platform Learning, Inc., 375 F. App'x 54 (2d Cir. 2010). Additionally, "[t]he joint employer doctrine is applicable when the separate businesses at issue have become associated with one another via a contractual relationship." Arculeo v. On-Site Sales Mktg., LLC, 321 F. Supp. 2d 604, 608 (S.D.N.Y. 2004). Ultimately, joint employment is "sufficiently broad to encompass any party who significantly affects access of any individual to employment opportunities." Laurin v. Pokoik, 2004 U.S. Dist. LEXIS 4066, 2004 WL 513999, at *8 (S.D.N.Y. Mar. 15, 2004) (*quoting* Kern v. City of Rochester, 93 F.3d 38, 45 (2d Cir. 1996)).

Particularly applicable to the case at bar, "[t]he joint employer doctrine has been applied to temporary employment or staffing agencies and their client entities." Haight v. NYU Langone Med. Ctr., 2014 U.S. Dist. LEXIS 88117, *29-30, 2014 WL 2933190 (S.D.N.Y. June 27, 2014);

*see also* Lima, 634 F. Supp. 2d at 400; DeWitt v. Lieberman, 48 F. Supp. 2d 280, 288 (S.D.N.Y. 1999) (employment agency that paid employee and client entity that supervised work found to be joint employers under Title VII); Amarnare v. Merrill Lynch, Pierce, Fenner & Smith, Inc., 611 F. Supp. 344, 347-49 (S.D.N.Y. 1984) (plaintiff was employee of both temporary employment agency and client entity for Title VII purposes).

Here, considering that Plaintiff is not required to plead specific facts establishing a joint employment, Plaintiff has sufficiently alleged that Defendant Goodtemps was her joint employer. Plaintiff alleges in her complaint that Defendant Goodtemps was empowered to hire and fire Plaintiff, to discipline and supervise Plaintiff, to set the terms and conditions of her employment, and to promulgate work rules and assignments. (Compl. ¶ 21). At minimum, Plaintiff has pled that several factors exist that weigh in favor of finding a joint employment relationship.

Markedly absent from Defendant's motion papers is any argument that they did not have the authority to exercise control over the terms and conditions of Plaintiff's employment, such as paying her wages or being able to affect Plaintiff's access to employment opportunities by failing to place her at subsequent employment. If Defendant did not in fact have the authority to exercise this authority, one would expect Defendant to state same.

Further supporting a finding of a joint employment relationship is the recent National Labor Relations Board ("NLRB") decision, Browning-Ferris Industries of California, Inc., which expands the joint employer doctrine by rejecting the limiting requirement that the joint employer not only *possess* the authority to control employees' terms and conditions of employment, but also *exercise* that authority. See Browning-Ferris Industries of California, Inc., 362 NLRB No. 186 (2015). In its decision, the NLRB explains that even if authority to control terms and conditions of employment is not exercised, it is still relevant to the joint-employment inquiry. *See* id. at 2.

The purpose of expanding the joint employer theory is a result, in part, of the steady increase in the procurement of employees through staffing arrangements. *See* id. at 11. While Plaintiff acknowledges that this decision is only persuasive, it is particularly applicable to this case where Plaintiff was placed with Defendant BOE by a staffing arrangement with Defendant Goodtemps, and is precisely the type of situation that the NLRB contemplated and discussed in its decision.

### B. In the Alternative, Plaintiff Should Be Afforded the Opportunity to Prove Joint Employer Relationship Through Discovery

Even assuming *arguendo* that the complaint does not sufficiently plead a joint employer relationship, Plaintiff should be afforded the opportunity to conduct discovery to more fully establish the existence of such a relationship. The Second Circuit has observed that ultimate failure to prove a joint employer relationship "is not a ground for dismissing for failure to state a claim." Da Silva v. Kinsho Int'l Corp., 229 F.3d 358, 365 (2d Cir. 2000) (discussing single employer status). Rather, the determination of whether the defendant is a joint employer is a question of fact, requiring a fact-intensive inquiry that cannot be decided on a motion to dismiss. *See, e.g.,* Dias, 2009 U.S. Dist. LEXIS 17562, 2009 WL 595601, *20; Lihli Fashions Corp. v. NRLB, 80 F.3d 743, 747 (2d Cir. 1996); Clinton's Ditch Co-op Co., Inc. v. NLRB, 778 F.2d 132, 136 (2d Cir. 1985); Duarte v. Tri-State Physical Med. & Rehab., P.C., 2012 U.S. Dist. LEXIS 96249, *25 (S.D.N.Y. July 10, 2012) (*quoting* Zheng v. Liberty Apparel Co., 355 F.3d 61, 76 n.13 (2d Cir. 2003)). Thus, discovery is needed to gain a better understanding of the "functional employment relationship" between Defendant Goodtemps and Defendant BOE. *See* Duarte, 2012 U.S. Dist. LEXIS 96249, at *25; *see also* Ayala v. Metro One Sec. Sys., Inc., 2011 U.S. Dist. LEXIS 42325, *19 (E.D.N.Y. Apr. 19, 2011) (holding plaintiff was entitled to discovery of any facts within the defendants' possession that may reveal the defendants to be a single integrated enterprise).

5

The Court in Fowler held that the plaintiff had satisfied her pleading burden as to the joint employer issue because her allegations were sufficient to put the moving defendant on notice of the theory of employer liability upon which the plaintiff's claims were based. Fowler, 677 F. Supp. 2d at 681. The Court in Farzan found the defendant-staffing firm was a joint employer notwithstanding that the defendant-bank trained the plaintiff; supervised the plaintiff; set the plaintiff's schedule; assigned him projects; and provided the plaintiff with a work station and necessary resources, where the plaintiff received his compensation from the staffing firm based on hours logged into the bank's record-keeping system. See Farzan, 2013 U.S. Dist. LEXIS 169743, *8-9. The Court held that the staffing firm was a joint employer where it employed the plaintiff for payroll, benefits and tax reporting purposes. See id., at *51.

Likewise, here, whether Defendant Goodtemps is a joint employer is a question of fact that cannot be decided on a motion to dismiss. Specifically, discovery is needed to further determine the full extent of Defendant Goodtemps relationship with Defendant BOE, including whether or not their relationship was contractual. If the relationship was contractual, the agreement between Defendant Goodtemps and Defendant BOE would likely set forth the terms of the relationship between the defendants, including the authority each had over Plaintiff. Additionally, discovery is needed to show that Defendant Goodtemps provided Plaintiff Gonzalez with her compensation, not the DOE, and that Defendant Goodtemps afforded Plaintiff access to employment opportunities. Further, investigation into whether Defendant Goodtemps reported Plaintiff for tax purposes would also assist Plaintiff in showing Defendant Goodtemps was a joint employer. At minimum, Plaintiff has satisfied her pleading burden because her allegations were sufficient to put Defendant Goodtemps on notice of the theory of employer liability upon which Plaintiff's claims were based. See Fowler, 677 F. Supp. 2d at 681.

## POINT II:

## DEFENDANT GOODTEMPS IS LIABLE FOR GENDER DISCRIMINATION

Defendant Goodtemps argues that even if it is a joint employer, it cannot be held liable for the discrimination and retaliation because it did not know, and should not have known, about the discriminatory conduct. However, in doing so, Defendant Goodtemps attempts to distract the Court and put forth an additional element to liability that is not required.

### A. Plaintiff Is Not Required To Prove That Defendant Goodtemps Knew Or Should Have Known of the Discriminatory Conduct

While some courts have held that the joint employer doctrine permits a plaintiff "the opportunity to prove that defendant is liable, even if it was not the entity that actually disciplined or terminated [her], because it 'knew or should have known of the discriminatory conduct and failed to take corrective measures within its control,'" McDougal v. State Univ. of N.Y. Downstate Med. Ctr., 2013 U.S. Dist. LEXIS 51087, *15 (E.D.N.Y. Apr. 9, 2013) (*quoting* Lima, 634 F. Supp. 2d at 400), this is not an issue that has been ruled on by the Second Circuit, or universally applied by courts in the Eastern District. *See, e.g.,* Lima, 634 F. Supp. 2d at 400; Bakeer v. Nippon Cargo Airlines, Co., 2011 U.S. Dist. LEXIS 90102, *108 (E.D.N.Y. July 25, 2011) (finding joint employer relationship without discussing knowledge of discriminatory conduct); Dias, 2009 U.S. Dist. LEXIS 17562, 2009 WL 595601 (finding joint employer relationship where complaint "plausibly suggest[ed] a degree of control and involvement by [the defendant] in Plaintiff's employment" without discussing knowledge of discriminatory conduct).

Thus, here, Plaintiff Gonzalez cannot be held to this higher pleading standard set forth by Defendant Goodtemps. At minimum, Plaintiff Gonzalez' complaint has "plausibly suggested a degree of control and involvement" by Defendant Goodtemps. This plausibility is particularly exhibited in the conversation between Plaintiff Gonzalez and Mark Dixon, a supervisor at

7

Defendant Goodtemps, regarding Plaintiff's complaint of discrimination. In that conversation, Mr. Dixon told Plaintiff that she essentially "asked" to get fired by complaining of sexual harassment. (Compl. ¶ 53). He also reprimanded Plaintiff Gonzalez for complaining of discrimination because Defendant BOE was Goodtemps' client, implying that Plaintiff's behavior at Defendant BOE could adversely impact the relationship between Defendant Goodtemps and Defendant BOE. Where Plaintiff's behavior as an employee could impact Defendant Goodtemps' relationship with the BOE, it seemingly follows that Defendant Goodtemps had the authority to affect Plaintiff's access to employment opportunities should it find Plaintiff's behavior to be unfavorable. Whereas Mr. Dixon agreed with the action taken by Defendant BOE in response to Plaintiff's complaints, namely her termination, Plaintiff has pled a plausibility that Defendant Goodtemps possessed some degree of control or involvement in Plaintiff's employment. Again, according to the NLRB decision, this authority or control need not be exercised, but merely possessed. *See* Browning-Ferris Industries of California, Inc., 362 NLRB No. 186 (2015).

Whereas Plaintiff has sufficiently pled that Defendant Goodtemps was a joint employer, as discussed above, Plaintiff Gonzalez has met her pleading burden and has established that Defendant Goodtemps can be held liable as a joint employer.

### B. Alternatively, Plaintiff Should be Afforded the Opportunity to Prove Defendant Goodtemps Knew or Should Have Known of the Discriminatory Conduct

If this Court finds that Plaintiff must prove that Defendant Goodtemps knew or should have known of the discriminatory conduct, Plaintiff should be afforded the opportunity to engage in discovery to allow her to prove same. By virtue of the language in the caselaw – that the joint employer doctrine permits Plaintiff *the opportunity to prove* Defendant Goodtemps is liable, *see* McDougal., 2013 U.S. Dist. LEXIS 51087, at *15 (*quoting* Lima, 634 F. Supp. 2d at 400) – it would be premature and improper to dismiss Plaintiff's claims as against Defendant Goodtemps

8

before she is given the opportunity to engage in discovery and obtain further information to help her *prove* that Defendant Goodtemps is liable.

"[I]n determining whether to impose liability the court should consider 'the extent of the employer's control and any other legal responsibility which the employer may have with respect to the conduct of such non-employees.'" Goodman v. Port Auth. of N.Y. & N.J., 850 F. Supp. 2d 363, 386-387 (S.D.N.Y. 2012) (*quoting* Kudatzky v. Galbreath Co., 1997 U.S. Dist. LEXIS 14445, *11-*12 (S.D.N.Y. Sept. 23, 1997)).  Under such a theory, Plaintiff Gonzalez would have to "adduce evidence tending to show that [Goodtemps] either failed to provide a reasonable complaint procedure or that it knew of [the] harassment (either by co-workers or customers [or other non-employees]) and failed to take any action." Goodman, 850 F. Supp. 2d at 387(*quoting* Quinn v. Green Tree Credit Corp., 159 F.3d 759, 766-67 (2d Cir. 1998), *abrogated in part on other grounds by* National R.R. Passenger Corp. v. Morgan, 536 U.S. 101 (2002).

When considering the suspicious reaction of Mr. Dixon in response to Plaintiff's complaint of discrimination, along with the close relationship that exists between a staffing agency and its client, Plaintiff has sufficiently pled that Defendant Goodtemps at least should have known about the discriminatory conduct.  In the alternative, Plaintiff should be afforded the opportunity to prove that Defendant Goodtemps knew or should have known of the discrimination by allowing the case to proceed to the discovery phase.  In particular, there may be correspondence and communications between the employees of Defendants BOE and Goodtemps to which Plaintiff is not privy at the pleading stage.

## POINT III:

## DEFENDANT GOODTEMPS IS LIABLE FOR RETALIATION

9

As discussed above, Defendant Goodtemps is liable for discrimination against Plaintiff Gonzalez by virtue of its joint employment relationship with Defendant BOE and its knowledge of, or involvement in, the retaliatory termination of Plaintiff Gonzalez. Although Defendant fails to acknowledge or substantially argue it in its motion papers, Plaintiff Gonzalez has also sufficiently pled facts to show that Defendant Goodtemps is directly liable for unlawful retaliation against Plaintiff.

To establish a prima facie case of retaliation under the NYCHRL, a plaintiff must show that: (1) she participated in a protected activity; (2) the defendant knew about her participation; (3) the defendant took an employment action that disadvantaged the plaintiff in any manner; and (4) a causal connection existed between the protected activity and the negative employment action. *See* Mayers v. Emigrant Bancorp, Inc., 796 F. Supp. 2d 434, 446 (S.D.N.Y. 2011); *see also* Williams v. N.Y. City Hous. Auth., 61 A.D.3d 62, 69-71, 872 N.Y.S.2d 27 (1st Dep't 2009). A plaintiff who meets this burden establishes a rebuttable presumption of retaliation. *See* Fattoruso v. Hilton Grand Vacations Co., 525 Fed. Appx. 26, 2013 U.S. App. LEXIS 9881 (2d Cir. 2013) (*citing* El Sayed v. Hilton Hotels Corp., 627 F.3d 931, 932 (2d Cir. 2010)).

First, Plaintiff undeniably engaged in protected activities when she complained to Defendant Ashby regarding Defendant Rivera's discrimination, when she filed a complaint of sexual harassment with Defendant BOE's internal Equal Employment Opportunity ("EEO") office, and when she filed a complaint of retaliation against Defendant Ashby with Defendant BOE's internal EEO office. (Compl. ¶ ¶ 49, 51). Defendant Goodtemps became aware of Plaintiff's protected activities when Plaintiff informed Mark Dixon about the sexual harassment and retaliation. (Id. at ¶ 52). As discussed above, whereas Mr. Dixon responded to Plaintiff's complaints by reprimanding her for the negative impact it would have on Goodtemps' relationship

10

with the BOE, and by telling Plaintiff she had "asked" to get fired by complaining, it is plausible that Defendant Goodtemps was aware of Plaintiff's complaints prior to her termination.

Plaintiff was then subjected to various adverse employment actions. NYCHRL § 8-107(7) provides in relevant part:

> The retaliation or discrimination complained of under this subdivision need not result in an ultimate action with respect to employment … or in a materially adverse change in the terms and conditions of employment. . ., provided, however, that *the retaliatory or discriminatory act or acts complained of must be reasonably likely to deter a person from engaging in protected activity*.

Miller v. New York University, 2008 N.Y. Misc. LEXIS 9797, 2008 NY Slip Op 33057(U) (N.Y. Sup. Ct. Oct. 27, 2008)(*quoting* N.Y.C. Admin. Code § 8-107(7))(emphasis added).

Here, Defendant Goodtemps took retaliatory action against Plaintiff Gonzalez by reprimanding her for complaining of discrimination and telling her that she "asked" to get fired for complaining of discrimination. (Compl. ¶ 53). Any reasonable person would be reasonably likely to be deterred from complaining of discrimination if they told they were "asking" to be fired and were reprimanded by his or her employer.

Moreover, discovery is required to establish the factual record regarding Defendant Goodtemps' relationship with Plaintiff following her complaint of discrimination to Mr. Dixon. Namely, discovery is needed to establish that Defendant Goodtemps retaliated against Plaintiff by failing to place her with a different employer after her employment with Defendant BOE was terminated.

# POINT IV:

## DEFENDANT GOODTEMPS UNLAWFULLY ATTEMPTED TO INTERFERE WITH PLAINTIFF'S EXERCISE OR ENJOYMENT OF HER PROTECTED RIGHTS

It should be noted that although Defendant Goodtemps has moved to dismiss all claims against it, Defendant does not address Plaintiff's sixth cause of action for interference with her protected rights in violation of NYCHRL 8-107(19). *See* Peralta v. Roros 940, Inc., 72 F. Supp. 3d 385, 396 (E.D.N.Y. 2014)(finding that where defendants failed to address NYCHRL claims, defendants have not carried their summary judgment burden on the NYCHRL claims). The NYCHRL makes it "an unlawful discriminatory practice for any person to coerce, intimidate, threaten or interfere with, or attempt to coerce, intimidate, threaten or interfere with, any person in the exercise or enjoyment of, or on account of his or her having aided or encouraged any other person in the exercise or enjoyment of, any right granted or protected pursuant to this section." N.Y.C. Admin. Code § 8-107(19).

Even where a plaintiff's complaint "does not clearly specify the nature of the interference or the relevant protected right, in circumstances where a court has found that plaintiff has plausibly alleged discrimination or retaliation claims, a claim for unlawful interference under the NYCHRL, 'as a further extension of these claims[,]. . . should not be dismissed outright without the benefit of further judicial proceedings.'" Parker v. Workmen's Circle Ctr. of the Bronx, Inc., 2015 U.S. Dist. LEXIS 131205, *18-19 (S.D.N.Y. Sept. 29, 2015). "Instead, the validity of the claim should 'be determined through discovery and further court proceedings.'" Id. (*quoting* Mariotti v. Alitalia-Linee Aeree Italiane Societa Per Azioni, 2008 N.Y. Slip Op. 32160(U), at *13 (N.Y. Sup. Ct. 2008)). As discussed above, Plaintiff has plausibly alleged discrimination and retaliation claims as against Defendant Goodtemps. Thus, the Court should find Plaintiff's claims of interference with her protected rights to be a further extension of these claims.

Even if the Court did not find that Plaintiff has plausibly alleged discrimination and retaliation claims as against Defendant Goodtemps, Plaintiff did allege that Defendant Goodtemps attempted to coerce and intimidate her from pursuing her claims of discrimination and retaliation. *See* Gallo v. Alitalia - Linee Aeree Italiane - Societa Per Azioni, 585 F. Supp. 2d 520, 548 (S.D.N.Y. 2008) (assuming *arguendo* that subsection 19 of the NYCHRL allows for an independent cause of action). Specifically, Mark Dixon reprimanded Plaintiff for complaining and told her that she "asked" to get fired. (Compl. ¶ 53). Any reasonable person would be intimidated from pursuing claims of discrimination and retaliation if they believed their employer viewed their complaining as a terminable offense. Thus, Defendant Goodtemps can be held directly liable and in violation of NYCHRL 8-107(19).

## CONCLUSION

For the foregoing reasons, it is respectfully requested that Defendant Goodtemps' motion to dismiss be denied in its entirety. In the alternative, we request leave to amend the complaint to include allegations that Defendant Goodtemps paid Plaintiff Gonzalez her wages, and that Defendant Goodtemps failed to place Plaintiff with another employer following her complaints of discrimination and subsequent termination from the BOE. A court "should freely give leave when justice so requires." Fed. R. Civ. P. 15(a); Iqbal v. Ashcroft, 574 F.3d 820, 822 (2d Cir. 2009) (*quoting* Fed. R. Civ. P. 15(a)).

Dated: New York, New York
       October 15, 2015

_____/s/Nicole Welch_____
NICOLE WELCH (NW8070)
*Attorneys for Plaintiff*
Phillips & Associates, PLLC
45 Broadway, Suite 620
New York, New York 10006
nwelch@tpglaws.com

13