UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------------------------------------X
AUREA GONZALEZ,

        Plaintiff,

  v.

THE CITY OF NEW YORK, NEW YORK CITY
DEPARTMENT OF EDUCATION, GOODWILL
INDUSTRIES OF GREATER NEW YORK AND
NORTHERN NEW JERSEY, INC., ROBERT
RIVERA, AND ZELDA BRYANT ASHBY,

        Defendants.
---------------------------------------------------------------X

**DECISION & ORDER**
15-CV-3158 (WFK) (CLP)

**WILLIAM F. KUNTZ II, United States District Judge:**

  Plaintiff Aurea Gonzalez ("Plaintiff") brings this action against the City of New York (the "City"), the Board of Education of the City School District of the City of New York d/b/a the New York City Department of Education ("BOE"), Robert Rivera ("Rivera"), and Zelda Bryant Ashby ("Ashby") (collectively the "BOE Defendants"), and against Goodwill Industries of Greater NY and Northern NJ, Inc. ("Goodwill"), alleging she was subjected to gender discrimination via hostile work environment and was retaliated against in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e *et seq.* ("Title VII") and the New York City Human Rights Law, New York City Admin. Code § 8-101 *et seq.* ("NYCHRL") while employed by Goodwill and the BOE Defendants. Dkt. 1 ("Complaint"). The BOE Defendants now move to partially dismiss because (1) the City is not a proper defendant; (2) the NYCHRL claims must be dismissed for failure to comply with Notice of Claim requirements; (3) the NYCHRL claims against the BOE must be dismissed because they are time-barred; and (4) the gender discrimination claims must be dismissed for failure to state a claim. Dkt. 20-2 ("BOE Motion") at 3-10. Goodwill moves to dismiss on the ground that Plaintiff has failed to plead any facts showing Goodwill had joint employer status with the BOE. Dkt. 23-1 ("Goodwill Motion"). For the reasons set forth below, the BOE Motion is hereby GRANTED IN PART AND DENIED IN PART and the Goodwill Motion is hereby GRANTED in its entirety.

## BACKGROUND

  On or about September 16, 2013, Plaintiff began work as an Executive Secretary at the BOE with Ashby, a BOE employee, as her supervisor. Complaint at ¶¶ 23-24. Plaintiff was referred to this position by Goodwill through its "Goodtemps" staffing and placement services

1

program. *See* Goodwill Motion at 2. On or about November 22, 2013, Plaintiff transferred to the Special Events Department by the BOE and Rivera became Plaintiff's direct supervisor. Complaint at ¶¶ 26, 28. Plaintiff alleges Rivera touched Plaintiff's knee twice in a "provocative[]" fashion during training for her new position on her first day in that position. Complaint at ¶¶ 30-31. Between November 22, 2013 and December 4, 2013, Plaintiff alleges Rivera also committed the following acts: (1) forced Plaintiff to clean up after a catered event, asking her to lift and pull heavy objects despite knowing Plaintiff had been released from the hospital the previous day after being admitted for back spasms; (2) reprimanded any co-worker who tried to speak with Plaintiff, to the point where a co-worker said she could not speak to Plaintiff or else Rivera would get angry; (3) kept track of Plaintiff's whereabouts at all times and asked Plaintiff why she could not "hold it and not go to the bathroom so much," when Plaintiff "would go to the bathroom to escape from [Rivera's] relentless advances"; (4) commented on Plaintiff's curly hair and told her to use a brush; (5) grabbed her hips after singling her out to stay for extra private training; (6) yelled at Plaintiff in front of her co-workers and threatened to put a barrier around her desk; and (7) told Plaintiff to clean Rivera's desk, a task outside the scope of Plaintiff's job. *Id.* at ¶¶ 33-48.

On or about December 2, 2013, Plaintiff reported Rivera's conduct to Ashby and the internal Equal Employment Opportunity ("EEO") department of the BOE. *Id.* at ¶ 49. Two days later, Plaintiff's employment was terminated by Ashby. *Id.* at ¶ 50. Plaintiff immediately filed a complaint of retaliation with the internal EEO department. *Id.* at ¶ 51.

On June 1, 2015, Plaintiff filed her Complaint against the BOE Defendants and Goodwill alleging (1) gender discrimination in violation of Title VII against the City and the BOE; (2) retaliation in violation of Title VII against the City and the BOE; (3) gender discrimination in

violation of NYCHRL against all Defendants; (4) retaliation in violation of NYCHRL against all Defendants; (5) aiding and abetting discriminatory conduct in violation of NYCHRL against Rivera and Ashby; (6) interference in violation of NYCHRL against Goodwill; and (7) employer liability under NYCHRL against Goodwill, BOE, and the City. Complaint at ¶¶ 64-85. On November 6, 2015, the BOE Defendants and Goodwill filed their motions to dismiss. *See* BOE Motion; Goodwill Motion. In her opposition papers, Plaintiff voluntarily dismisses (1) all of her claims against the City; (2) her NYCHRL claims against the BOE; and (3) her NYCHRL aiding and abetting claims against Ashby and Rivera. Dkt. 21 ("Opp. to BOE") at 2-3. Accordingly, the Court dismisses those claims from this action.

## DISCUSSION

### I.  Legal Standard

To survive a motion to dismiss pursuant to Rule 12(b)(6), each claim must set forth sufficient factual allegations, accepted as true, "to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotation marks and citation omitted). A sufficiently pled complaint "must provide 'more than an unadorned, the-defendant-unlawfully-harmed-me accusation.'" *Pension Benefit Guar. Corp. v. Morgan Stanley Inv. Mgmt. Inc.*, 712 F.3d 705, 717 (2d Cir. 2013) (quoting *Iqbal*, 556 U.S. at 678). If a complaint merely offers labels and conclusions, a formulaic recitation of the elements, or "naked assertions devoid of further factual enhancement," it will not survive a motion to dismiss. *Iqbal*, 556 U.S. at 678 (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 557 (2007)) (internal quotation marks and alteration omitted). At this stage, the Court accepts all factual allegations in the complaint as true and draws all reasonable inferences in favor of Plaintiff, the non-movant. *Harris v. Mills*, 572 F.3d 66, 71 (2d Cir. 2009). However, the Court need not credit "legal conclusions" in a claim or "threadbare recitals of the elements of a cause of action, supported by mere conclusory

3

statements." *Id.* at 72 (citing *Iqbal*, 556 U.S. at 678) (internal quotation marks and alteration omitted). Moreover, the Court is "not bound to accept as true a legal conclusion couched as a factual allegation." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 555) (internal quotation marks omitted). Legal conclusions must be supported by factual allegations. *Id.*; *Pension Benefit Guar. Corp.*, 712 F.3d at 717-18.

In deciding a motion for judgment on the pleadings under Rule 12(c), the Court applies "the same standard as that applicable to a motion under Rule 12(b)(6), accepting the allegations contained in the complaint as true and drawing all reasonable inferences in favor of the nonmoving party." *Ziemba v. Wezner*, 366 F.3d 161, 163 (2d Cir. 2004) (internal citation and quotation marks omitted); *see also Hill v. Griffin*, 11-CV-6101, 2015 WL 3440189 at *2 (W.D.N.Y. May 28, 2015) (Wolford, J.).

## II. Goodwill's Motion

Plaintiff claims Goodwill, the temporary staffing agency that referred her to the BOE, is subject to liability because it was Plaintiff's joint employer while she worked for the BOE. Complaint at ¶¶ 12-14, 21. Goodwill argues it was not a joint employer of Plaintiff, and Plaintiff's claims against Goodwill should be dismissed. Goodwill Motion at 4-11. Goodwill is correct.

The standard for whether an entity is a joint employer for Title VII and NYCRHL purposes is "functional" and requires the Court to "look at commonality of hiring, firing, discipline, pay, insurance, records, and supervision to determine whether an entity is a joint employer." *Daniel v. T & M Prot. Res., Inc.*, 992 F. Supp. 2d 302, 313 (S.D.N.Y. 2014) (Engelmayer, J.) (internal quotation marks and citations omitted); *see also Tate v. Rocketball, Ltd.*, 45 F. Supp. 3d 268, 273 (E.D.N.Y. 2014) (Weinstein, J.) (listing "commonality of hiring,

4

firing, discipline, pay, insurance, records, and supervision" as the factors to consider in determining whether two entities are joint employers). "The joint employer doctrine has been applied to temporary employment or staffing agencies and their client entities[.]" *Daniel*, 993 F. Supp. 2d at 314 (internal quotation marks and citation omitted). However, simply asserting in a conclusory way that an entity has control over conditions of employment is insufficient; a plaintiff must make factual allegations showing such control. *See, e.g., Triola v. ASRC Mgmt. Servs.* (ASRC MS), 10-CV-560, 2011 WL 6181731, at *7 (E.D.N.Y. Dec. 12, 2011) (Korman, J.) (dismissing Title VII complaint against Department of Treasury where plaintiff asserted "in a conclusory fashion" that Treasury had sufficient control, but made no specific factual allegations in his Complaint).

Here, Plaintiff's allegations regarding Goodwill's joint employment are entirely conclusory and consist only of a recitation of the legal standard. Complaint at ¶¶ 12, 21. Accordingly, Plaintiff has failed to state a claim for gender discrimination, retaliation, or employer liability against Goodwill sufficiently to survive a motion to dismiss because she has failed to allege factual allegations regarding Goodwill's status as a joint employer. Therefore, Goodwill's motion as to Plaintiff's Third and Fourth causes of action as against Goodwill is hereby GRANTED.

Plaintiff's complaint of interference under NYCHRL, which does not require Goodwill to be Plaintiff's joint employer, must also be dismissed. Interference forbids "any person to coerce, intimidate, threaten or interfere with . . . any person in the exercise or enjoyment of" the rights protected under the NYCHRL. N.Y.C. Admin. Code § 8-107(19); Complaint at ¶¶ 79-81. Plaintiff, however, does not allege any incidents of coercion, intimidation, threats, interference, or attempts thereof by Goodwill; rather, she alleges callousness by a Goodwill employee after

her exercise of her rights under NYCHRL. *Id.* at ¶¶ 52-54. Accordingly, Plaintiff has failed to state a claim of interference under NYCHRL against Goodwill. Therefore, Goodwill's motion to dismiss Plaintiff's Sixth cause of action is hereby GRANTED.

### III. The BOE Motion

#### A. Notice of Claim

Plaintiff argues she need not have filed a Notice of Claim to pursue NYCHRL claims against Rivera and Ashby, who as BOE employees are not "officers" within the meaning of the Education Law Section 3813(1) governing requiring the Notice of Claim. Opp. to BOE at 4 (citing N.Y. Educ. Law § 3813(1)). The BOE Defendants argue the Notice of Claim requirement applies to "the BOE and its employees." BOE Motion at 4. Plaintiff is correct. *See Donlon v. Bd. of Educ. of Greece Cent. Sch. Dist.*, 06-CV-6027, 2007 WL 108470, at *3 n. 1 (W.D.N.Y. Jan. 12, 2007) (Telesca, J.) (finding no requirement that a Notice of Claim be served upon individual defendants employed at school as a condition precedent to bringing a NYCHRL action). Accordingly, the BOE's Motion to Dismiss the NYCHRL claims against Rivera and Ashby on this ground is DENIED.

#### B. Gender Discrimination under Title VII and NYCHRL

The BOE Defendants next argue Plaintiff has failed to state a claim of gender discrimination via hostile work environment because the alleged hostility is insufficiently severe to sustain such a claim. BOE Motion at 7-10. Plaintiff argues the alleged hostility is sufficiently severe. Opp. to BOE at 5-8. Plaintiff is correct.

To sufficiently state a *prima facie* case of gender discrimination due to a hostile work environment under Title VII, Plaintiff must first allege the hostility in her workplace "(1) is objectively severe or pervasive—that is, creates an environment that a reasonable person would

6

find hostile or abusive; (2) creates an environment that the plaintiff subjectively perceives as hostile or abusive; and (3) creates such an environment because of the plaintiff's sex." *Patane v. Clark*, 508 F.3d 106, 113 (2d Cir. 2007) (internal quotation marks, ellipses, and citation omitted). "Ultimately, to avoid dismissal under [Federal Rule of Civil Procedure] 12(b)(6), a plaintiff need only plead facts sufficient to support the conclusion that she was faced with harassment of such quality or quantity that a reasonable employee would find the conditions of her employment altered for the worse, and [the Second Circuit has] repeatedly cautioned against setting the bar too high in this context." *Id.* (internal quotation marks, ellipses, and citation omitted). Further, "[a] single incident of contact with an intimate body part is sufficient to establish a hostile work environment claim." *Dillon v. Ned Mgmt., Inc.*, 85 F. Supp. 3d 639, 656, 663 (E.D.N.Y. 2015) (Weinstein, J.) (citations omitted) (holding a single incident of defendant's employee touching plaintiff's buttock was sufficient to create a hostile work environment).

After first alleging hostility, Plaintiff must then allege facts to impute the conduct creating the hostile work environment to the employer. *Id.* at 655. "[W]hen a supervisor wields the authority delegated to him by an employer to…further the creation of a discriminatorily abusive work environment, the supervisor's conduct is deemed to be that of the employer, and the employer is liable for that conduct." *Perry v. Ethan Allen, Inc.*, 115 F.3d 143, 152-153 (2d Cir. 1997) (citation omitted). The NYCHRL standard is "more liberal" and "more expansive" than the Title VII standard, and any claim that states a cause of action under Title VII will state one under NYCHRL. *Anglisano v. N.Y.C. Dep't of Educ.*, 14-cv-3677, 2015 WL 5821786, at *10 (E.D.N.Y. Sept. 30, 2015) (Townes, J.) (internal quotation marks and citations omitted).

The Court finds that the alleged interference with Plaintiff's work environment as Executive Secretary—specifically, Rivera's preventing other employees from speaking to

Plaintiff—to be such that a reasonable employee would find the conditions of her employment altered for the worse. *See, e.g.*, Complaint at ¶ 47. Furthermore, Plaintiff has alleged an incident where Rivera "forcefully grabbed her hips[,]" which constitutes contact with an intimate body part. *Id.* at ¶ 42. Accordingly, the Court finds Plaintiff has adequately pled that the hostility in her workplace "creat[ed] an environment that a reasonable person would find hostile or abusive[."] *Patane*, 508 F.3d at 113. Plaintiff has also adequately pled that she "subjectively perceive[d]" the environment as "hostile or abusive[.]" *Id.*; Complaint at ¶¶ 32, 34, 37, 40, 43-49. Plaintiff's allegations of Rivera's sexualized behavior targeted at her are sufficient to sustain her claim that the workplace hostility was "because of [Plaintiff's] sex." *Patane*, 508 F.3d at 113; *see, e.g.*, *Dillon*, 85 F. Supp. 3d at 663 (sustaining gender discrimination claim based on hostile environment where supervisor touched plaintiff's buttock).

Finally, Plaintiff has alleged Rivera was her direct supervisor and used his authority to "further the creation of a discriminatorily abusive work environment" by making her stay for extra training and subsequently grabbing her hips, telling her to perform cleaning tasks, and preventing her co-workers from speaking with her; these allegations are sufficient to impute the conduct creating the hostile work environment to her employer, the BOE. *Perry*, 115 F.3d at 152-153 (citation omitted). Therefore, Plaintiff has sufficiently pled facts imputing the harassment to the BOE. Accordingly, the Court finds Plaintiff's claims of gender discrimination under Title VII and NYCHRL, are sufficiently stated to survive the BOE Defendants' motion to dismiss. Accordingly, the BOE Defendants' motion on this ground is DENIED.

### C. Retaliation under NYCHRL against Rivera

The BOE Defendants also argue Plaintiff has not stated a claim for retaliation under NYCHRL against Rivera because (1) rejection of sexual advances is not protected activity for

purposes of a retaliation claim, and (2) Plaintiff has not sufficiently pled that she rejected or opposed Rivera's sexual advances. *See* Dkt. 22 ("BOE Reply") at 7-8. The BOE Defendants do not seek to dismiss the retaliation claims against the BOE or Ashby. BOE Motion at 2 n.1.

To state a claim for retaliation under NYCHRL, a plaintiff must first plead she engaged in protected activity; this requirement is identical to that of a retaliation claim under the New York State Human Rights Law ("NYSHRL") and Title VII. *Mayers v. Emigrant Bancorp Inc.*, 796 F. Supp. 2d 434, 445 (S.D.N.Y. 2011) (Peck, Mag. J.) (collecting cases stating NYCHRL claims are treated under the same standard as NYSHRL and Title VII claims); *see also St. Juste v. Metro Plus Health Plan*, 8 F. Supp. 3d 287, 319-20 (E.D.N.Y. 2014) (Brodie, J.) (treating NYSHRL and Title VII retaliation claims under the same standard). The Second Circuit has not explicitly ruled on whether resisting the sexual advances of an employer constitutes a protected activity for purposes of a retaliation claim, and courts within the Circuit are divided on the issue. *See, e.g., Lashley v. New Life Bus. Inst., Inc.*, 13-CV-2683, 2015 WL 1014128, at *8 (E.D.N.Y. Mar. 9, 2015) (Cogan, J.) (collecting cases) (citations omitted). Here, the Court finds persuasive the recent decision in *Lashley*, and holds rejection of sexual advances alone is not protected activity for the purposes of a retaliation claim because otherwise every harassment claim would automatically be a retaliation claim as well, creating a redundancy that the canons of interpretation disfavor. *Id.* Accordingly, the BOE Defendants' motion to dismiss on this ground is hereby GRANTED, and Plaintiff's NYCHRL retaliation claim against Rivera is hereby dismissed.

## CONCLUSION

For the reasons set forth above, Defendant Goodwill's motion to dismiss, Dkt. 23, is hereby GRANTED in its entirety, and Defendant BOE's motion to dismiss, Dkt. 20, is hereby

GRANTED IN PART and DENIED IN PART. Plaintiff has voluntarily dismissed all of her claims against the City of New York, her NYCHRL claims against the BOE, and her NYCHRL aiding and abetting claims against Ashby and Rivera. The Clerk of Court is respectfully directed to amend the caption to remove Defendants Goodwill and the City of New York.

**SO ORDERED**

s/WFK
_____
HON. WILLIAM F. KUNTZ, II
UNITED STATES DISTRICT JUDGE

Dated: December 21, 2015
Brooklyn, New York