UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------- x

AUREA GONZALEZ,

                                         Plaintiff,

            -against-

NEW YORK CITY DEPARTMENT OF EDUCATION,
ROBERT RIVERA, *Individually*, and ZELDA BRYANT
ASHBY, *Individually*,

                                         Defendants.
------------------------------------------------------------------- x

**ANSWER**

15-CV-03158 (WFK) (CLP)

Defendants[1], by their attorney, Zachary W. Carter, Corporation Counsel of the City of New York, as and for their Answer to the Complaint, alleges as follows:

        1.     Deny the allegations set forth in paragraph "1" of the Complaint, except admit that Plaintiff purports to proceed as set forth therein.

        2.     Deny the allegations set forth in paragraph "2" of the Complaint, except admit that Plaintiff purports to invoke the jurisdiction of this Court as set forth therein.

        3.     Deny the allegations as set forth in paragraph "3" of the Complaint, except admit that Plaintiff purports to invoke the jurisdiction of this Court as set forth therein.

        4.     Deny the allegations set forth in paragraph "4" of the Complaint, except admit that Plaintiff purports to state the basis for venue in this Court as set forth therein.

---

[1] In a decision and order dated December 21, 2015, Defendant Goodwill's motion to dismiss, Dkt. 23, was granted by the Court in its entirety. Defendant BOE's motion to dismiss, Dkt. 20, was granted in part and denied in part. Plaintiff voluntarily dismissed all of her claims against the City of New York, her NYCHRL claims against the BOE, and her NYCHRL aiding and abetting claims against Ashby and Rivera. The Clerk of Court was directed by the Court to amend the caption to remove Defendants Goodwill and the City of New York. See Dkt. 29. Thus, all references to "Defendants" refer to those listed in the amended caption herein as Defendants.

5. Deny the allegations set forth in paragraph "5" of the Complaint, except admit that a charge of discrimination was filed with the United States Equal Employment Opportunity Commission ("EEOC") under Charge No. 846-2014-34300 and respectfully refer the Court to that document for a complete and accurate statement of its contents.

6. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "6" of the Complaint, and respectfully refer the Court to the EEOC Notice of Right to Sue which is annexed to the Complaint for a complete and accurate statement of its contents.

7. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "7" of the Complaint, and respectfully refer the Court to the EEOC Notice of Right to Sue which is annexed to the Complaint for a complete and accurate statement of its contents.

8. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "8" of the Complaint.

9. Admit the allegations set forth in paragraph "9" of the Complaint.

10. Deny the allegations set forth in paragraph "10" of the Complaint.

11. This Defendant's motion to dismiss was granted in its entirety and the Court directed that the caption be amended to remove this Defendant. Dkt. 29 at 9-10. Accordingly, no response is required. To the extent a response is required; deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "11" of the Complaint.

12. Defendant GOODTEMPS ("Goodtemps") has been removed from the caption after the Court granted its motion to dismiss in its entirety. Dkt. 29 at 9-10. Plaintiff

- 3 -

voluntarily dismissed all of her claims against the Defendant CITY ("City"). Dkt. 29 at 10. Accordingly, no response is required as to the allegations concerning defendants Goodtemps and City. To the extent a response is required, deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "12" of the Complaint concerning defendant Goodtemps and deny the remaining allegations in paragraph "12" of the Complaint.

13. Goodtemps has been removed from the caption after the Court granted its motion to dismiss in its entirety. Dkt. 29 at 9-10. Accordingly, no response is required. To the extent a response is required; deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "13" of the Complaint.

14. Deny the allegations set forth in paragraph "14" of the Complaint except admit that plaintiff was temporarily placed by Goodtemps with the DOE at Defendant DOE's offices located at 44-36 Vernon Blvd, Long Island City, New York, 11101.

15. Deny the allegations set forth in paragraph "15" of the Complaint, except admit that Defendant RIVERA ("Rivera") is a resident of the State of New York.

16. Deny the allegation set forth in paragraph "16" of the Complaint, except admit Defendant Rivera is an employee of the DOE with the title Associate School Food Service Manager.

17. Deny the allegations set forth in paragraph "17" of the Complaint.

18. Deny the allegations set forth in paragraph "18" of the Complaint, except admit that Defendant ZELDA BRYANT ASHBY ("Bryant-Ashby") is a resident of the State of New York.

19. Deny the allegations set forth in paragraph "19" of the Complaint, except admit that Bryant-Ashby is an employee of the DOE with the title Assistant Director, Capital Projects.

20. Deny the allegations set forth in paragraph "20" of the Complaint.

21. Goodtemps has been removed from the caption after the Court granted its motion to dismiss in its entirety. Dkt. 29 at 9-10. Plaintiff voluntarily dismissed all of her claims against the City. Dkt. 29 at 10. To the extent a response is required; deny the allegations set forth in paragraph "21" of the Complaint.

22. Deny the allegations set forth in paragraph "22" of the Complaint, except admit that Plaintiff purports to refer to the entities listed in the Complaint as set forth therein.

23. Deny the allegations set forth in paragraph "23" of the Complaint except admit that plaintiff was temporarily placed by Goodtemps with the DOE starting September 19, 2013 and, upon information and belief, plaintiff was paid $17/hour for her services by Goodtemps.

24. Deny the allegations set forth in paragraph "24" of the Complaint except admit that plaintiff was originally temporarily placed by Goodtemps with the DOE and assigned to perform services in Defendant DOE's Office of School Food Compliance and Monitoring Unit Defendant Bryant-Ashby's supervision.

25. Deny the allegations set forth in paragraph "25" of the Complaint.

26. Deny the allegations set forth in paragraph "26" of the Complaint.

27. Deny the allegations set forth in paragraph "27" of the Complaint, except admit Bryant-Ashby offered Plaintiff the opportunity to be temporarily assigned in place of a

DOE employee who was out on a temporary basis and communicated to Plaintiff that she was also free to respond to any DOE job posting if she wanted permanent employment with the DOE.

28. Deny the allegations set forth in paragraph "28" of the Complaint.

29. Deny the allegations set forth in paragraph "29" of the Complaint, except admit that plaintiff agreed to be temporarily assigned to the Special Events Unit supervised by defendant Rivera.

30. Deny the allegations set forth in paragraph "30" of the Complaint, except admit that plaintiff was temporarily assigned to the Special Events Unit on or about November 22, 2013.

31. Deny the allegations set forth in paragraph "31" of the Complaint.

32. Deny the allegations set forth in paragraph "32" of the Complaint.

33. Deny the allegations set forth in paragraph "33" of the Complaint, except admit staff members were expected to clean-up after events.

34. Deny the allegations set forth in paragraph "34" of the Complaint.

35. Deny the allegations set forth in paragraph "35" of the Complaint.

36. Deny the allegations set forth in paragraph "36" of the Complaint.

37. Deny the allegations set forth in paragraph "37" of the Complaint.

38. Deny the allegations set forth in paragraph "38" of the Complaint, except Rivera admits to commenting about Plaintiff's curly hair in jest.

39. Deny the allegations set forth in paragraph "39" of the Complaint.

40. Deny the allegations set forth in paragraph "40" of the Complaint.

41. Deny the allegations set forth in paragraph "41" of the Complaint.

42. Deny the allegations set forth in paragraph "42" of the Complaint.

43. Deny the allegations set forth in paragraph "43" of the Complaint.

44. Deny the allegations set forth in paragraph "44" of the Complaint.

45. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "45" of the Complaint.

46. Deny the allegations set forth in paragraph "46" of the Complaint.

47. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "47" of the Complaint.

48. Deny the allegations set forth in paragraph "48" of the Complaint.

49. Deny the allegations set forth in paragraph "49" of the Complaint except admit that plaintiff filed a complaint of alleged sexual harassment with the DOE's Office of Equal Opportunity and Diversity Management ("OEO") on December 2, 2013.

50. Deny the allegations set forth in paragraph "50" of the Complaint.

51. Deny the allegations set forth in paragraph "51" of the Complaint, except admit that on December 4, 2013, Ms. Gonzalez filed a second complaint of discrimination with the OEO alleging retaliation against Ms. Ashby.

52. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "52" of the Complaint.

53. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "53" of the Complaint.

54. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "54" of the Complaint.

55. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "55" of the Complaint, except admit the DOE's OEO

administratively closed plaintiff's complaint investigation after she advised OEO of her intent to file a charge of discrimination with an external administrative agency to exhaust her administrative remedies in order pursue this action.

56. Deny the allegations set forth in paragraph "56" of the Complaint.

57. Deny the allegations set forth in paragraph "57" of the Complaint.

58. Deny the allegations set forth in paragraph "58" of the Complaint.

59. Deny the allegations set forth in paragraph "59" of the Complaint

60. Deny the allegations set forth in paragraph "60" of the Complaint.

61. Deny the allegations set forth in paragraph "61" of the Complaint.

62. Deny the allegations set forth in paragraph "62" of the Complaint.

63. Deny the allegations set forth in paragraph "63" of the Complaint.

64. In response to paragraph "64" of the Complaint, defendants repeat and reallege their responses to the allegations contained in paragraphs "1" through "63" of the Complaint as if fully set forth herein.[2]

65. Deny the allegations set forth in paragraph "65" of the Complaint, except admit that Plaintiff purports to proceed as set forth therein, and respectfully refer the Court to the cited statute for a complete and accurate statement of its content.

66. Deny the allegations set forth in paragraph "66" of the Complaint.

67. In response to paragraph "67" of the Complaint, Defendants repeat and reallege their responses to the allegations contained in paragraphs "1" through "66" of the Complaint as if fully set forth herein.

---

[2] Plaintiff's allegations in ¶¶ 64-69 were as against the City and DOE only.

68. Deny the allegations set forth in paragraph "68" of the Complaint and respectfully refer the Court to Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e *et seq.* ("Title VII"), for a complete and accurate statement of its contents.

69. Deny the allegations set forth in paragraph "69" of the Complaint.

70. In response to paragraph "70" of the Complaint, Defendants repeat and reallege their responses to the allegations contained in paragraphs "1" through "69" of the Complaint as if fully set forth herein.

71. Deny the allegations set forth in paragraph "71" of the Complaint and respectfully refer the Court to the New York City Human Rights Law ("CHRL"), New York City Administrative Code §§ 8-101, *et seq.* for a complete and accurate statement of its contents.

72. Deny the allegations set forth in paragraph "72" of the Complaint.

73. In response to paragraph "73" of the Complaint, Defendants repeat and reallege their responses to the allegations contained in paragraphs "1" through "72" of the Complaint as if fully set forth herein.

74. Deny the allegations set forth in paragraph "74" of the Complaint and respectfully refer the Court to the provision of law cited therein for a complete and accurate statement of its contents.

75. Deny the allegations set forth in paragraph "75" of the Complaint.

76. In response to paragraph "76" of the Complaint, Defendants repeat and reallege their responses to the allegations contained in in paragraphs "1" through "75" of the Complaint as if fully set forth herein.

77. Deny the allegations set forth in paragraph "77" of the Complaint and respectfully refer the Court to the provision of law cited therein for a complete and accurate statement of its contents.

78. Deny the allegations set forth in paragraph "78" of the Complaint.

79. Goodtemps has been removed from the caption after the Court granted its motion to dismiss in its entirety. Dkt. 29 at 9-10.[3] Accordingly, no response is required as to the allegations concerning defendant Goodtemps.

80. Goodtemps has been removed from the caption after the Court granted its motion to dismiss in its entirety. Dkt. 29 at 9-10. Accordingly, no response is required as to the allegations concerning defendant Goodtemps.

81. Goodtemps has been removed from the caption after the Court granted its motion to dismiss in its entirety. Dkt. 29 at 9-10. Accordingly, no response is required as to the allegations concerning defendant Goodtemps.

82. In response to paragraph "82" of the Complaint, Defendants repeat and reallege their responses to the allegations contained in paragraphs "1" through "81" of the Complaint as if fully set forth herein.

83. Deny the allegations set forth in paragraph "83" of the Complaint and respectfully refer the Court to the provisions of law cited therein for a complete and accurate statement of their contents.

84. Deny the allegations set forth in paragraph "84" of the Complaint.

85. Paragraph "85" of the Complaint sets forth a demand for trial by jury to which no response is required. To the extent that this paragraph is found to contain allegations

---

[3] Paragraphs 79-81 contain allegations against Goodtemps only.

of fact, Defendants deny the allegations set forth in paragraph "85" of the Complaint, except admit that Plaintiff purports to proceed as set forth herein.

### AS AND FOR A FIRST DEFENSE

86. The Complaint fails to state a claim upon which relief can be granted in whole or in part.

### AS AND FOR A SECOND DEFENSE

87. Defendants had legitimate non-discriminatory/retaliatory, business reasons for taking any of the alleged discriminatory/retaliatory acts complained of by Plaintiff. The actions would have been taken regardless of any alleged protected activity.

### AS AND FOR A THIRD DEFENSE

88. To the extent Plaintiff is alleging damages in the form of back pay, subject to proof of discovery, Plaintiff's claims for front and/or back pay may be barred by her failure to mitigate damages.

### AS AND FOR A FOURTH DEFENSE

89. Any claims in the Complaint under Title VII which accrued more than 300 days prior to Plaintiff's filing of her charges of discrimination and retaliation with the EEOC are time-barred.

### AS AND FOR A FIFTH DEFENSE

90. Plaintiff failed to exhaust her administrative remedies with respect to any Title VII claims contained in the Complaint which were not also contained in the Plaintiff's charge of discrimination and retaliation filed with the EEOC.

### AS AND FOR A SIXTH DEFENSE

91. Any of Plaintiff's city law claims which accrued more than 1 year prior to the commencement of this action are time-barred by the applicable statute of limitations.

### AS AND FOR A SEVENTH DEFENSE

92. Defendants exercised reasonable care to prevent and promptly eliminate any sexually harassing behavior. Plaintiff unreasonably failed to take advantage of the preventative and corrective opportunities provided by Defendants or to otherwise avoid harm.

### AS AND FOR AN EIGHTH DEFENSE

93. The conduct complained of may consist of nothing more than what a reasonable victim of discrimination would consider petty slights and trivial conveniences and thus, Plaintiff's claims under the CHRL must be dismissed.

### AS AND FOR A NINTH DEFENSE

94. The Complaint's request for punitive damages is barred, in whole or in part, because punitive damages are not available against a government or a governmental subdivision.

**WHEREFORE**, Defendants respectfully request judgment dismissing the Complaint and denying all relief requested therein, entering judgment for Defendants, and granting Defendants such other and further relief as the Court deems just and proper.

Dated:     New York, New York
           March 3, 2016

                                              **ZACHARY W. CARTER**
                                              Corporation Counsel of the
                                                City of New York
                                              Attorney for Defendants
                                              100 Church Street, Room 2-140
                                              New York, New York 10007-2601
                                              (212) 356-4083

                                              By:      /s/
                                                        Eric Murrell
                                                        Assistant Corporation Counsel

To:    PHILLIPS & ASSOCIATES, PLLC (**by ECF**)
        Attorneys for Plaintiff
        45 Broadway – Suite 620
        New York, NY 10006
        (212) 248-7431
        Attn:   David Samuel Schwartz
                dschwartz@tpglaws.com

| |
|---|
| No. 15-CV-03158 (WFK) (CLP) |
| UNITED STATES DISTRICT COURT<br>EASTERN DISTRICT OF NEW YORK |
| AUREA GONZALEZ,<br><br>                                                                 Plaintiff,<br><br>-against-<br><br>NEW YORK CITY DEPARTMENT OF EDUCATION,<br>ROBERT RIVERA, *Individually*, and ZELDA BRYANT<br>ASHBY, *Individually*,<br><br>                                                                 Defendants. |
| **ANSWER** |
| *ZACHARY W. CARTER*<br>*Corporation Counsel of the City of New York*<br>*Attorney for Defendants*<br>*100 Church Street, Room 2-140*<br>*New York, New York  10007*<br><br>*Of Counsel:  Eric Murrell*<br>*Tel.:  (212) 356-4083*<br>*Matter No.:  2015-029412* |
| *Due and timely service is hereby admitted.*<br><br>*New York, New York..................................................., 2016*<br><br>*............................................................................., Esq.*<br><br>*Attorney for...................................................................* |