UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

-------------------------------------------------------------------- x

AUREA GONZALEZ,

                               Plaintiff,

                -against-

NEW    YORK    CITY    DEPARTMENT    OF
EDUCATION, ROBERT RIVERA, *Individually*, and
ZELDA BRYANT ASHBY, *Individually*,

                          Defendants.

-------------------------------------------------------------------- x

**STIPULATION AND
PROTECTIVE ORDER**

15 Civ. 3158 (WFK) (CLP)

        **WHEREAS,** Plaintiff has sought from Defendants certain documents and/or information in discovery in this action Defendants deem confidential, and

        **WHEREAS,** Defendants object to the production of those documents and/or information unless appropriate protection for their confidentiality is assured,

        **NOW, THEREFORE, IT IS HEREBY STIPULATED AND AGREED,** by and between the attorney for Plaintiff and Defendants, as follows:

        1.     As used herein, "Confidential Materials" shall mean all documents, in any format, provided to Plaintiff's counsel by Defendants' counsel concerning current or former employees of the New York City Department of Education ("DOE") in the recruitment, personnel, payroll, labor relations, Equal Employment Opportunity ("EEO") or investigative files of the DOE, and the information contained therein, except that such documents and information shall not be deemed "Confidential Materials" to the extent, and only to the extent, that they are (1) obtained by Plaintiff from sources other than defendants, or (2) are otherwise publicly available;

2.      Neither Plaintiff, nor Plaintiff's attorney(s), nor any expert or consultant retained by Plaintiff and/or her attorney(s) shall use the Confidential Materials for any purpose other than for the preparation or presentation of Plaintiff's case in this action.

3.      Neither Plaintiff, nor Plaintiff's attorney(s), nor any expert or consultant retained by Plaintiff and/or her attorney(s) shall disclose the Confidential Materials to any person, except under the following conditions:

a.      Disclosure may be made only if necessary to the preparation or presentation of Plaintiff's case in this action.

b.      Disclosure before trial may be made only to an expert or consultant who has been retained or specially employed by Plaintiff's attorney(s) in anticipation of litigation or preparation for this action, to a witness at deposition, or to the Court.

c.      Before any disclosure is made to a person listed in subparagraph (b) above (other than to the Court), Plaintiff's attorney(s) shall provide each such person with a copy of this Stipulation and Protective Order, and such person shall consent in writing, in the form annexed hereto as **Exhibit A**, not to use the Confidential Materials for any purpose other than in connection with the prosecution of this case and not to further disclose the Confidential Materials except in testimony taken in this case.  The signed consent shall be retained by Plaintiff's attorney and a copy shall be furnished to Defendants' attorney upon their request.

4.      Deposition testimony concerning any Confidential Materials that reveals the contents of such materials shall be deemed confidential and the transcript of such testimony,

together with any exhibits referred to therein, shall be separately bound, with a cover page prominently marked "CONFIDENTIAL." Such portion of the transcript shall be deemed Confidential Materials within the meaning of this Stipulation and Protective Order.

5. If either party seeks to file any paper which incorporates Confidential Materials (as set forth in ¶¶ 1 and 4 herein) or reveals the contents thereof in this Court, seven (7) days notice shall be given to the other party. Upon receiving notice, the party seeking to require the confidential materials be filed under seal shall write a letter to the Court providing good cause as to why the materials must be filed under seal. Any paper which incorporates or reveals the contents thereof of Confidential Materials shall not be filed prior to receiving guidance from the Court.

6. However, where the confidential information contained in a document is not material to issues addressed in Court submissions and the parties agree that the redaction of personal, confidential and/or identifying information would be sufficient to protect the interests of parties or non-parties, the parties may file redacted documents without further order of the Court.

7. Within thirty (30) days after the termination of this case, including any appeals, the Confidential Materials, including all copies, notes, and other materials containing or referring to information derived therefrom not constituting privileged material and/or attorney work product, shall be returned by Plaintiff to the Defendants' counsel. Plaintiff's attorney(s) shall represent that all Confidential Materials have been returned. However, any such privileged material shall not be used by Plaintiff's attorney(s) in any other case against the Defendants, their related entities, or agencies or any of its employees, and the same shall be verified to Defendants' attorneys.

8.      Nothing in this Stipulation and Protective Order shall be construed to limit

Defendants' use of the Confidential Materials in any manner.

Dated:      New York, New York
            March 29, 2016


PHILLIPS & ASSOCIATES, PLLC          ZACHARY W. CARTER
Attorneys for Plaintiff              Corporation Counsel of the
45 Broadway – Suite 620                City of New York
New York, New York 10006             Attorney for Defendants
(212) 248-7431                       100 Church Street, Room 2-140
dschwartz@tpglaws.com                New York, New York 10007
                                     (212) 356-4083
                                     emurrell@law.nyc.gov


By: _____            By: _____
    David Schwartz, Esq.                 Eric Murrell
                                         Assistant Corporation Counsel



                    SO ORDERED:


    _____          _____
            Date                          U.S.M.J.



                                  4

## EXHIBIT A

The undersigned hereby acknowledges that he/she has read the Stipulation and Protective Order entered in the United States District Court for the Eastern District of New York on ~~March 29~~, 2016 in the action entitled Gonzalez v. NYC Dep't of Ed. et. al Civil Action Number: 15 CIV. 3158 (WFK) (CLP), or has been advised of its provisions and/or contents and understands the terms thereof. The undersigned agrees not to use the Confidential Materials defined therein for any purpose other than in connection with the prosecution of this case, and will not further disclose the Confidential Materials except in testimony taken in this case.

March 29, 2016
Date

Signature

AUREA GONZALEZ
Print Name

Customer Service
Occupation

15 Civ. 3158 (WFK) (CLP)

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

AUREA GONZALEZ,

Plaintiff,

-against-

NEW YORK CITY DEPARTMENT OF
EDUCATION, ROBERT RIVERA, *Individually*,
and ZELDA BRYANT ASHBY, *Individually*,

Defendants.

## STIPULATION AND PROTECTIVE ORDER

*ZACHARY W. CARTER*
*Corporation Counsel of the City of New York*
*Attorney for Defendants*
*100 Church Street, Room 2-140*
*New York, N.Y. 10007*

*Of Counsel: Eric Murrell*
*Tel: (212) 356-4083*
*Matter No.: 2015-029412*

*Due and timely service is hereby admitted.*

*New York, N.Y.................................................. , 201..*

*........................................................................... Esq.*

*Attorney for.................................................................*