UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

---------------------------------------------------------------X   Case No.:  15 Civ. 3158 (WFK)(CLP)

AUREA GONZALEZ,

                                      Plaintiff,

                                 -against-

NEW YORK CITY DEPARTMENT OF EDUCATION,
ROBERT RIVERA, *Individually*, and ZELDA BRYANT
ASHBY, *Individually*,

                                     Defendants.

---------------------------------------------------------------X

## PLAINTIFF'S MEMORANDUM OF LAW IN OPPOSITION TO DEFENDANTS' MOTION FOR SUMMARY JUDGMENT

**PHILLIPS & ASSOCIATES,**
**Attorneys at Law, PLLC**
David S. Schwartz, Esq.
Dorina Cela, Esq.
*Attorneys for Plaintiff*
45 Broadway, Suite 620
New York, New York 10006
(212) 248-7431
dschwartz@tpglaws.com
dcela@tpglaws.com

i

# TABLE OF CONTENTS

TABLE OF AUTHORITIES..................................................................................iii-iv

PRELIMINARY STATEMENT..................................................................................1

STATEMENT OF MATERIAL FACTS......................................................................1

STANDARD OF REVIEW.......................................................................................2-3

ARGUMENT...........................................................................................................3-13

    I.     PLAINTIFF WAS SUBJECTED TO A HOSTILE WORK ENVIRONMENT UNDER TITLE VII .................................................................3-7

          A. The Hostile Work Environment Plaintiff Was Subjected to Was Severe and Pervasive ...............................................................................................4-6

          B. Plaintiff Was Subjected to Sexual Harassment Because of Her Gender......6-7

    II.    PLAINTIFF WAS SUBJECTED TO A HOSTILE WORK ENVIRONMENT UNDER THE NYCHRL ...............................................................................7-9

          A. The Actions Plaintiff Endured Were Neither Petty Slight Nor Trivial Inconveniences.......................................................................................8-9

    III.   PLAINTIFF WAS UNLAWFULLY RETALIATED AGAINST BECAUSE OF HER COMPLAINTS OF DISCRIMINATION .....................................9-13

          A. Defendants Do Not State a Legitimate, Non-Retaliatory Reason for Plaintiff's Termination..........................................................................10-12

          B. Defendants Subjected Plaintiff to an Adverse Employment Action in Retaliation for Her Complaint of Discrimination..............................12-13

CONCLUSION...........................................................................................................14

## **TABLE OF AUTHORITIES**

**CASES**                                                                                          **PAGES**

*Anderson v. Davis Polk & Wardell, LLP*, 850 F. Supp. 2d 392 (S.D.N.Y. 2012)..........................8

*Anderson v. Liberty Lobby, Inc*, 447 U.S. 242, 248 (1986)................................................2, 3

*Behringer v. Lavelle Sch. for the Blind*, 2010 U.S. Dist. LEXIS 134440, *46 (S.D.N.Y. Dec. 17, 2010)...........................................................................................................13

*Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986)..............................................................2

*Demoret v. Zegarelli*, 451 F.3d 140, 149 (2d Cir. 2006).........................................................3

*Dillon v. Ned Mgmt.*, 85 F. Supp. 3d 639, 663 (E.D.N.Y. 2015)..............................................4

*Distasio v. Perkin Elmer Corp.*, 157 F.3d 55 (2d Cir. Conn. 1998)...........................................7

*Ellis v. City of New York*, 2011 U.S. Dist. LEXIS 84104 (S.D.N.Y. July 28, 2011).....................8

*Feingold v. New York*, 366 F.3d 138, 156 (2d Cir. 2004)......................................................9

*Gorzynski v. JetBlue Airways Corp.*, 596 F.3d 93, 102 (2d Cir. 2010)................................3, 6

*Guzman v. Macy's Retail Holdings, Inc.*, No. 09 Civ. 4472 (PGG), 2010 U.S. Dist. LEXIS 29544, 2010 WL 1222044, at *5 (S.D.N.Y. Mar. 29, 2010)...........................................................9

*Harris v. Forklift Sys., Inc.*, 510 U.S. 17, 23, 114 S. Ct. 367, 126 L. Ed. 2d 295 (1993)..............3

*Hernandez v. Kaisman*, 103 A.D.3d 106, 957 N.Y.S.2d 53, 58 (1st Dep't 2012).....................8

*Kaytor v. Electric Boat Corp.*, 609 F.3d 537, 545 (2d Cir. 2010)............................................2

*Knight v. U.S. Fire Ins. Co.*, 804 F. 2d 9, 11 (2d Cir. 1986)..................................................2

*Magnoni v. Smoth & Lacquercia, LLP*, 701 F. Supp. 2d 497 (S.D.N.Y. 2010)....................8, 9

*Matsushita Etc. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574 (1986)................................2

*Mihalik v. Credit Agricole Cheuvreux N. Am., Inc.*, 715 F.3d 102, 109 (2d Cir. 2013)..........7, 8

*Oncale v. Sundowner Offshore Servs.*, 523 U.S. 75, 80 (U.S. 1998)..........................................7

*Patane v. Clark*, 508 F.3d 106, 115 (2d Cir. N.Y. 2007).......................................................9

*Quinn v. Green Tree Credit Corp.*, 159 F.3d 759, 769 (2d Cir. 1998)......................................13

*Raniola v. Bratton*, 243 F.3d 610, 617 (2d Cir. 2001)..........................................................3

*Redd v. N.Y. State Div. of Parole*, 678 F.3d 166 (2d Cir. 2012)......................................4, 6, 7

*Reed v. A.W. Lawrence & Co.*, 95 F.3d 1170, 1178 (2d Cir. 1996).........................................13

*Reid v. Ingerman Smith LLP*, 876 F. Supp. 2d 176, 185 (E.D.N.Y. 2012)..............................4, 9

*Richardson v. N.Y. State Dep't of Corr. Serv.*, 180 F.3d 426, 439 (2d Cir. 1999)....................3, 4

*Russo v. New York Presbyterian Hosp.*, 972 F. Supp. 2d 429, 456 (E.D.N.Y. 2013)..................10

*Sattar v. United States Dep't of Homeland Sec.*, 2016 U.S. App. LEXIS 17128, *3 (2d Cir. N.Y. Sept. 20, 2016).....................................................................................................10

*Scott v. City of New York Dep't of Corr.*, 641 F. Supp. 2d 211, 225 (S.D.N.Y. 2009)..................9

*Terry v. Ashcroft*, 336 F.3d 128, 137 (2d Cir. 2003)..........................................................2, 3

*Vega v. Hempstead Union Free Sch. Dist.*, 801 F.3d 72, 90 (2d Cir. N.Y. 2015).........................9

*Wahlstrom v. Metro-North Commuter R.R.*, 89 F. Supp. 2d 506, 522 (S.D.N.Y. 2000)................9

*Whidbee v. Garzarelli Food Specialties, Inc.*, 223 F.3d 62, 70 (2nd Cir. 2000)..........................3

*Williams v. New York City Hous. Auth.*, 61 A.D.3d 62 (N.Y. App. Div. 1st Dep't 2009)..........8, 10

*Zann Kwan v. Andalex Grp. LLC*, 737 F.3d 834, 846 (2d Cir. 2013)....................................10

**STATUTES**

Fed. R. Civ. P. 56...................................................................................................1-2

New York City Human Rights Law, N.Y.C. Admin. Code *et seq*............................*passim*

Title VII of the Civil Rights of 1964, 42 U.S.C. § 2000e *et seq*............................*passim*

## PRELIMINARY STATEMENT

The Plaintiff, Aurea Gonzalez, (hereinafter "Gonzalez" or "Plaintiff"), respectfully submits the within memorandum of law in opposition to the motion for summary judgment, as filed by the Defendants New York City Department of Education ("DOE"), Robert Rivera, and Zelda Bryant-Ashby ("Ashby") in this matter.

Plaintiff brings this action for unlawful discrimination and retaliation under Title VII of the Civil Rights of 1964, 42 U.S.C. § 2000e *et seq.* ("Title VII") against DOE, for unlawful discrimination under the New York City Human Rights Law, N.Y.C. Admin. Code § 8-107 *et seq.* ("NYCHRL") against Rivera, and for retaliation under the NYCHRL against Ashby.

As illustrated by case law, documentary evidence, and the prior testimony and statements of witnesses, there are material factual issues in dispute, which a rational fact finder could resolve in favor of Plaintiff. If resolved in Plaintiff's favor, said facts would further support all of the legal elements necessary to sustain Plaintiff's Federal and New York City law claims. The questions raised by Defendants in their motion for summary judgment are those which are proper for the jury.

## STATEMENT OF MATERIAL FACTS

For the sake of brevity, Plaintiff respectfully refers this Court to the factual background as set forth in Plaintiff's Response and Counter Statement to Defendants' Rule 56.1 Statement of Facts, the Declaration of David S. Schwartz and accompanying exhibits, and Plaintiff's Complaint in this action.

## STANDARD OF REVIEW

Summary judgment is only warranted where "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." *Terry v. Ashcroft*, 336 F.3d 128, 137 (2d Cir. 2003); Fed. R. Civ. P. 56(a). An issue of fact is "material" for Rule 56 purposes if it "might affect the outcome of the suit under the governing law." *Anderson v. Liberty Lobby, Inc*, 447 U.S. 242, 248 (1986). An issue of fact is "genuine" for purposes of Rule 56 if "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Id.* "The function of the district court in considering the motion for summary judgment is not to resolve disputed questions of fact but only to determine whether, as to any material issue, a genuine factual dispute exists." *Kaytor v. Electric Boat Corp.*, 609 F.3d 537, 545 (2d Cir. 2010).

It is well-established that in determining whether summary judgment is appropriate, the moving party bears the burden of demonstrating the absence of any genuine issues of material facts. *Celotex Corp. v. Catrett,* 477 U.S. 317, 323 (1986). With respect to any factual issues that arise, a Court must resolve all factual ambiguities and draw all reasonable inferences in favor of the nonmoving party. *Matsushita Etc. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574 (1986). Quite notably, the nonmoving party need not prove their case dispositively at the summary judgment stage, in order to defeat such a motion. Rather, the non-movant need only demonstrate that there are material factual issues in existence, such that a reasonable fact finder could resolve such issues in favor of the nonmoving party. *Knight v. U.S. Fire Ins. Co.*, 804 F. 2d 9, 11 (2d Cir. 1986).

"In sum, summary judgment is proper only when, with all permissible inferences and credibility questions resolved in favor of the party against whom judgment is sought, 'there can be but one reasonable conclusion as to the verdict.'" *Kaytor*, 609 F.3d at 546 (quoting *Liberty Lobby*, 447

U.S. at 250.) On the other hand, "[s]ummary judgment is inappropriate when the admissible materials in the record make it arguable that the claim has merit." *Id.* at 545.

## ARGUMENT

### I. PLAINTIFF WAS SUBJECTED TO A HOSTILE WORK ENVIRONMENT UNDER TITLE VII

To establish a claim for a hostile work environment under Title VII, a Plaintiff must show that "the workplace is permeated with discriminatory intimidation, ridicule, and insult, that is sufficiently severe or pervasive to alter the conditions of the victim's employment and create an abusive working environment." *Gorzynski v. JetBlue Airways Corp.*, 596 F.3d 93, 102 (2d Cir. 2010) (*quoting Demoret v. Zegarelli*, 451 F.3d 140, 149 (2d Cir. 2006).) The environment must be objectively hostile and abusive. *Id.* In determining whether a particular claim amounts to a hostile work environment, Courts look at the totality of the circumstances. *Raniola v. Bratton*, 243 F.3d 610, 617 (2d Cir. 2001). In making this determination, Courts look at a variety of factors such as "the frequency of the discriminatory conduct; its severity; whether it is physically threatening or humiliating, or a mere offensive utterance; and whether it unreasonably interferes with an employee's work performance," *Harris v. Forklift Sys., Inc.*, 510 U.S. 17, 23, 114 S. Ct. 367, 126 L. Ed. 2d 295 (1993).

The Second Circuit has consistently held that "the test is whether the harassment is of such quality or quantity that a reasonable employee would find the conditions of her employment altered for the worse ... the environment need not be unendurable or intolerable." *Terry v. Ashcroft*, 336 F.3d 128 at 148 (*quoting Whidbee v. Garzarelli Food Specialties, Inc.*, 223 F.3d 62, 70 (2nd Cir. 2000).) [some quotes omitted]. Furthermore, "there is neither a threshold magic number of harassing incidents that gives rise, without more, to liability as a matter of law, nor a number of

incidents below which a plaintiff fails as a matter of law to state a claim." *Richardson v. N.Y. State Dep't of Corr. Serv.*, 180 F.3d 426, 439 (2d Cir. 1999).

### A. The Hostile Work Environment Plaintiff Was Subjected to Was Severe and Pervasive

The various touchings, comments, and other conduct by Mr. Rivera created a hostile work environment for Ms. Gonzalez that was severe and pervasive. In the case of *Redd v. N.Y. State Div. of Parole*, the Second Circuit denied defendant's motion for summary judgment where the Plaintiff alleged that her supervisor touched her breasts three times. *Redd v. N.Y. State Div. of Parole,* 678 F.3d 166 (2d Cir. 2012). In its opinion overturning the District Court, the *Redd* Court rejected the District Court's contention that the alleged acts were "relatively minor" and "incidental physical contact." *Id.* at 179. The Court in *Redd* went on to state that, "the repeated touching of intimate parts of an unconsenting employee's body is by its nature severely intrusive and cannot properly be characterized as abuse that is 'minor.'" *Id.* Given the circumstances surrounding the touchings, the *Redd* Court could not conclude as a matter of law that they were incidental. *Id.* The severity of the touching of an employees' private parts holds substantial weight in deciding whether a work environment was sufficiently hostile. *Id.* ("Direct contact with an intimate body part constitutes one of the most severe forms of sexual harassment"). Lastly, a single incident of touching can be sufficient for a hostile work environment. *See Reid v. Ingerman Smith LLP,* 876 F. Supp. 2d 176, 185 (E.D.N.Y. 2012); *See also Dillon v. Ned Mgmt.*, 85 F. Supp. 3d 639, 663 (E.D.N.Y. 2015). (Two demeaning sexual proposals and one incident of touching on the breast was sufficient to deny defendants' motion for summary judgment.)

Curiously, Defendant's argument in their motion regarding Plaintiff's hostile work environment claims cites almost exclusively to Plaintiff's complaint rather than other evidence in the record. Defendants previously made a motion to dismiss in this case claiming that the facts

4

alleged did not constitute a hostile work environment, and this Court denied that motion. *See* Docket Entry No. 29. While motions to dismiss and motions for summary judgment of course have different standards, Defendant cites to no evidence at all showing that the facts now in the record do not support a claim for a hostile work environment.

Plaintiff testified consistently with the facts alleged in her complaint. Mr. Rivera, Ms. Gonzalez's direct supervisor, started his harassment of Ms. Gonzalez by stopping and staring at her when she would walk to and from the bathroom. Gonzalez Dep. 45:15-46:18. This conduct by Mr. Rivera made Ms. Gonzalez feel uncomfortable and creeped out. *Id*. On the very first day that Ms. Gonzalez was transferred into Mr. Rivera's Department, Mr. Rivera touched Ms. Gonzalez's knee in an inappropriate way twice. *Id.* at 52:5-10. Each touching was a separate incident. *Id*. Mr. Rivera would call Ms. Gonzalez over to his desk and grasp her knee with his hand. *Id.* at 53:12-22. While Mr. Rivera touched Ms. Gonzalez, he would repeat, "It's okay, it's okay." *Id* at 53:23-54:6. Mr. Rivera later made a comment to Ms. Gonzalez comparing her hair to a female co-worker's hair. *Id.* at 73:13-23. Mr. Rivera himself admitted this comment was inappropriate. Rivera Dep. 130:11-17. Mr. Rivera screamed at Ms. Gonzalez that he was going to put a barrier around her desk so that no one would be able to speak with her. Gonzalez Dep. 77:4-78:13. Mr. Rivera then told Ms. Gonzalez to clean and re-arrange his work desk, which was not part of Ms. Gonzalez's duties. *Id.* at 66:2-67:16. Mr. Rivera had a smirk on his face while he directed Ms. Gonzalez to clean his desk. *Id.* at 106:23107:1. Lastly, Mr. Rivera called Ms. Gonzalez over to his desk under the guise of training her after everyone else had left the office, and after Ms. Gonzalez stood up to walk back to her desk, Mr. Rivera snuck up behind her and grabbed her hips and her buttocks and repeated "it's okay." *Id.* at 56:4-58:8.

Ms. Gonzalez interpreted Mr. Rivera's conduct as him being possessive over her because she is a woman. *Id.* at 73:4-13; 107:10-108:12. Mr. Rivera's conduct had such an effect on Ms. Gonzalez that the day after he grabbed her from behind she was so frightened of him that she made multiple trips to the bathroom to avoid him. *Id* at 80:18-81-10.

Unsurprisingly, Defendant devotes only one paragraph to argument regarding the three times Mr. Rivera touched Ms. Gonzalez, while they then spend five paragraphs speaking about the other instances of harassment. Defendant's obvious attempt to focus the Court's attention away from the touchings in this case should not be entertained.

The instances of Mr. Rivera grabbing Ms. Gonzalez on her knee, hips, and buttocks are in and of themselves enough to establish a hostile work environment. *Reid*, 876 F. Supp. at 185. Mr. Rivera's touching of Ms. Gonzalez on an intimate body part is severely intrusive. *Redd*, 678 F.3d at 179. The additional facts in the record, such as Mr. Rivera staring at Ms. Gonzalez, making her clean his desk, and making comments about her hair, are additional facts in the totality of the circumstances that created a hostile work environment.

### B. Plaintiff Was Subjected to Sexual Harassment Because of Her Gender

With regard to the issue of whether sexual harassment was because of the victim's gender, the Second Circuit has "emphasized the need for caution about granting summary judgment to an employer in a discrimination case where….the merits turn on a dispute as to the employer's intent." *Gorzynski*, 596 F.3d at 101 (*citing Holcomb v. Iona College*, 521 F.3d 130 (2d Cir. N.Y. 2008)). Furthermore, "where an employer acted with discriminatory intent, direct evidence of that intent will only rarely be available, so . . . affidavits and depositions must be carefully scrutinized for circumstantial proof which, if believed, would show discrimination." *Id*. Lastly, "when, as is often the case in sexual harassment claims, fact questions such as 'state of mind or intent are at

6

issue,' summary judgment should be used sparingly." *Redd,* 678 F.3d at 178 (2d Cir. N.Y. 2012) (*citing Distasio v. Perkin Elmer Corp.*, 157 F.3d 55 (2d Cir. Conn. 1998).)

In the case at bar, there is sufficient evidence for a factfinder to conclude that Mr. Rivera's actions were motivated by Plaintiff's gender. In addition to Plaintiff's other allegations of harassment, Mr. Rivera touched Plaintiff's buttocks while repeating "it's okay" as though trying to convince her it was ok that he was touching her in a sexualized manner. A jury would be free to assume that Mr. Rivera engaged in such conduct because of the Plaintiff's sex. *See Oncale v. Sundowner Offshore Servs.*, 523 U.S. 75, 80 (U.S. 1998) (it is reasonable for a judge or jury to assume that explicit or implicit proposals of sexual activity would not have been made to someone of the same sex.)

## II.  PLAINTIFF WAS SUBJECTED TO A HOSTILE WORK ENVIRONMENT UNDER THE NYCHRL

Provisions of the NYCHRL must be interpreted liberally and state and federal antidiscrimination laws must be regarded as floors below which the NYCHRL's protections cannot fall. *Mihalik v. Credit Agricole Cheuvreux N. Am., Inc.*, 715 F.3d 102, 109 (2d Cir. 2013). "In amending the NYCHRL, the City Council expressed the view that the NYCHRL had been "construed too narrowly" and therefore "underscore[d] that the provisions of New York City's Human Rights Law are to be construed independently from similar or identical provisions of New York state or federal statutes." *Id.* (*citing to* Restoration Act § 1 (amending N.Y.C. Admin. Code. § 8-130.)) The City Council further "amended the NYCHRL to require that its provisions "be construed liberally for the accomplishment of the uniquely broad and remedial purposes thereof, regardless of whether federal or New York State civil and human rights laws, including those laws with provisions comparably-worded to provisions of this title[,] have been so construed." *Id.* (*citing to* Restoration Act § 7 (amending N.Y.C. Admin. Code § 8-130.)) "Pursuant to these

7

revisions, courts must analyze NYCHRL claims separately and independently from any federal and state law claims. *See* Restoration Act § 1; *Hernandez v. Kaisman*, 103 A.D.3d 106, 957 N.Y.S.2d 53, 58 (1st Dep't 2012). Furthermore, even if conduct is not actionable under federal law, "federal courts must consider separately whether it is actionable under the broader New York City standards." *Id*. Finally, exceptions and exemptions to the provision of the NYCHRL, which state that the law should construed liberally and maximally protective of civil rights in all circumstances, shall be construed narrowly in order to maximize deterrence of discriminatory conduct. N.Y.C. Admin. Code § 8-130(b).

Under the NYCHRL, a plaintiff "need only demonstrate 'by a preponderance of the evidence that she has been treated less well than other employees because of her gender.'" *Mihalik v. Credit Agricole Cheuvreux N. America, Inc.*, 715 F.3d 102, 110 (2d Cir. 2013) (*citing Williams v. New York City Hous. Auth.*, 61 A.D.3d 62 (N.Y. App. Div. 1st Dep't 2009).) "Under this standard, the conduct's severity and pervasiveness are relevant only to the issue of damages." *Id*. "To prevail on liability, the plaintiff need only show differential treatment—that she is treated 'less well'— because of a discriminatory intent." *Id*. Indeed, the challenged conduct need not even be "'tangible' (like hiring or firing)." *Id*.

### A. The Actions Plaintiff Endured Were Neither Petty Slight Nor Trivial Inconveniences

Defendants cite three cases in the NYCHRL argument section of their motion concerning physical contact that the courts found did not amount to sexual harassment: *Anderson v. Davis Polk & Wardell, LLP*, 850 F. Supp. 2d 392 (S.D.N.Y. 2012), *Magnoni v. Smoth & Lacquercia, LLP*, 701 F. Supp. 2d 497 (S.D.N.Y. 2010), and *Ellis v. City of New York*, 2011 U.S. Dist. LEXIS 84104 (S.D.N.Y. July 28, 2011). The touching in these cases involves, respectively, a woman placing her vagina inches away from a co-workers face, an employer knocking an employee's knee

8

one time, and an employer kissing an employee's hand. *Id.* However, Courts in this Circuit have distinguished between touchings that are brushing up against someone and touchings which involve intentionally grabbing another person, with the latter being actionable even if the former is not. *See Reid*, 876 F. Supp. 2d at 185; *Guzman v. Macy's Retail Holdings, Inc.*, No. 09 Civ. 4472 (PGG), 2010 U.S. Dist. LEXIS 29544, 2010 WL 1222044, at *5 (S.D.N.Y. Mar. 29, 2010).

In the case at bar, Mr. Rivera *grabbed* Ms. Gonzalez's knee twice and then came up behind her and *grabbed* her hips and buttocks. The cases Defendants cite are therefore inapposite to the case at bar. Mr. Rivera intentionally grabbing Plaintiff's buttocks is hostile and abusive. *Wahlstrom v. Metro-North Commuter R.R.*, 89 F. Supp. 2d 506, 522 (S.D.N.Y. 2000). The context in which this touching took place also adds to its severity. Ms. Gonzalez was told she was being considered for a permanent position under Mr. Rivera, who was her direct supervisor. Mr. Rivera waited until he was alone with Ms. Gonzalez before he grabbed her. While he grabbed her, he stated "it's ok." These factors must also be considered in determining the severity of the incident alleged in the action. *See Scott v. City of New York Dep't of Corr.*, 641 F. Supp. 2d 211, 225 (S.D.N.Y. 2009).

### III. PLAINTIFF WAS UNLAWFULLY RETALIATED AGAINST BECAUSE OF HER COMPLAINTS OF DISCRIMINATION

In order to state a claim for retaliation in violation of Title VII, "a plaintiff must plead facts that would tend to show that: (1) she participated in a protected activity known to the defendant; (2) the defendant took an employment action disadvantaging her; and (3) there exists a causal connection between the protected activity and the adverse action." *Patane v. Clark*, 508 F.3d 106, 115 (2d Cir. N.Y. 2007) (*citing Feingold v. New York*, 366 F.3d 138, 156 (2d Cir. 2004).) Under Title VII, a plaintiff must show that retaliation was a "but-for" cause of the adverse employment action. *Vega v. Hempstead Union Free Sch. Dist.*, 801 F.3d 72, 90 (2d Cir. N.Y. 2015). However,

9

"but-for causation does not require proof that retaliation was the only cause of the employer's action, but only that the adverse action would not have occurred in the absence of the retaliatory motive." *Zann Kwan v. Andalex Grp. LLC,* 737 F.3d 834, 846 (2d Cir. 2013). Further, "the but-for causation standard does not alter the plaintiff's ability to demonstrate causation . . . through temporal proximity." *Id.* at 845.

A Plaintiff who has made out a prima facie case of retaliation creates a presumption of retaliation. *Sattar v. United States Dep't of Homeland Sec.,* 2016 U.S. App. LEXIS 17128, *3 (2d Cir. N.Y. Sept. 20, 2016). Defendants can rebut this presumption by articulating a legitimate, non-retaliatory reason for the adverse employment action. *Id.* Only if Defendants have articulated such a reason is Plaintiff required to then show that retaliation was a but-for cause of the adverse action. *Id.*

The NYCHRL likewise prohibits employers from retaliating against a person in any manner because that person has opposed a practice forbidden by the NYCHRL. N.Y.C. Admin. Code § 8-107(7). Assessments under the NYCHRL should be made, "with a keen sense of . . . the fact that a jury is generally best suited suited to evaluate the impact of retaliatory conduct." *Williams,* 872 N.Y.S.2d at 34. Unlike Title VII, the NYCHRL does not require a finding of but-for causation. *Russo v. New York Presbyterian Hosp.,* 972 F. Supp. 2d 429, 456 (E.D.N.Y. 2013). A Plaintiff alleging retaliation must show a causal connection between the protected activity and the employer's action, plus either a showing that the employer's proffered legitimate reason was pretextual or that it was motivated at least in part by an impermissable motive. *Id.*

### A. Defendants Do Not State a Legitimate, Non-Retaliatory Reason for Plaintiff's Termination

Defendants' alleged reason for Plaintiff's termination, that it was done because of her latenesses and absences, is a shocking misrepresentation of the facts in this case. Ms. Ashby, who

made the decision to terminate Plaintiff, stated numerous times during her deposition that Plaintiff was terminated because of her latenesses and absences which occurred *after* Plaintiff returned to the Eligibility Department from Special Events. The relevant portions of Ashby's testimony are reproduced below:

> Q: Was it your decision to terminate Ms. Gonzalez?
> A: It was my decision and the assistant's decision also as we were ramping down and we were reviewing, Ms. Gonzalez's attendance record was not great, so anybody that we were keeping, we needed people that were going to come to work every day and be at work. We had decided we were going to let people – people that weren't showing up would be the first people that we would relinquish, because we were told to ramp down because our requisition was coming to an end.
> Q: When did Ms. Gonzalez's attendance become a problem?
> A: In the last couple of weeks that she was with me. She was out, late.
> Q: Last couple of weeks that she was in Eligibility?
> A: Uh-Huh.
> Q: That's a yes?
> A: Yes.
> Q. Earlier today do you remember stating that you moved Ms. Gonzalez into special events because she was a good worker?
> A: Yes
> Q: Do you remember stating that you had no problems with her attendance?
> A: Yes.
> Q: Do you remember stating that you didn't tell Mr. Rivera or Mr. Campbell that there were any problems with Ms. Gonzalez's attendance?
> A: Yes. That was prior to her going to special events, yes.
> Q: So you didn't have a problem with her attentance in the two weeks she was eligibility or the final two weeks in eligibility, the problems with her attendance started when she moved to speical events?
> A: No.
> Q: So when did the problems with her attendance start?
> A: When she returned back to eligibility.
> Q: When she returned back to eligibility from special events?
> A: Exactly, yes.

Ashby Dep. 122:4-124:1.

> Q: Is there any reason why you wouldn't mention these alleged latenesses and absences after she accused you of discriminating against her?
> A: There would have been no reason why. I could have forgotten, but I'm not saying that I didn't. I just don't recall if I told her both or if I only told her, you know, that we were

11

ramping down in addition to, you know, you have been several times late, several times absent.

Ashby Dep. 147:22-148:8

Ms. Gonzalez returned to Eligibility from Special Events on December 2, 2013. She was terminated on December 4, 2013. Ms. Gonzalez was at work, on time, all three days. Defendants' own alleged non-retaliatory reason for Ms. Gonzalez's termination is therefore *on its face a complete fabrication*. Quite simply, Defendants' supposed non-retaliatory reason for Plaintiff's termination cannot possibly be considered legitimate, as it is, by Defendants' own testimony, impossible. Ms. Gonzalez was only in Eligibility for two days before the decision was made to terminate her. The contention that she had several latenesses and several absences in these two days, which was the alleged basis for her release, is nonsensical.

### B. Defendants Subjected Plaintiff to an Adverse Employment Action in Retaliation for Her Complaint of Discrimination

Defendants also contend that Ms. Gonzalez was terminated, in part, because she was a temporary worker. If all temporary workers, or even most, were let go at the same time as Ms. Gonzalez, then Defendants' argument might have merit. However, fifteen similarly situated temporary employees were retained by DOE for at least a month after Ms. Gonzalez was terminated. *See* Murrell Decl. Ex. F. None of these other fifteen employees had made a complaint of discrimination. Ashby Dep. 135:23-136:2. The only difference between Ms. Gonzalez and these other fifteen employees was that Ms. Gonzalez complained of discrimination and Defendants allegation that she had latenesses and absences. As Plaintiff has previously shown that Defendants' contentions about Plaintiff's supposed attendance are undisputedly meritless, the only remaining difference is that Ms. Gonzalez complained of discrimination and these fifteen other employees did not. Defendants cite no evidence of any performance issues with Plaintiff other

12

than the alleged absences. On the contrary, the evidence shows that Ms. Ashby held Plaintiff's performance in higher regard than her similarly situated co-workers, as Ms. Ashby chose Ms. Gonzalez to fill the potentially permanent position at DOE over these other employees, and Ms. Ashby consistently praised Ms. Gonzalez's work when she told Ms. Gonzalez about the new position.

Furthermore, proximity between protected activity and the adverse employment action can create an inference of a retaliatory motive or intent. *See Reed v. A.W. Lawrence & Co.*, 95 F.3d 1170, 1178 (2d Cir. 1996); *Quinn v. Green Tree Credit Corp.*, 159 F.3d 759, 769 (2d Cir. 1998). Plaintiff was terminated just two days after she complained of discrimination.

There clearly exist genuine disputes as to the reason for Plaintiff's termination on December 4, 2013. Even assuming, *arguendo*, that Defendants' contention that Plaintiff's temporary employment would have ended at some point, Defendants terminating her early in retaliation for her complaint of discrimination constitutes an adverse employment action. *See Behringer v. Lavelle Sch. for the Blind*, 2010 U.S. Dist. LEXIS 134440, *46 (S.D.N.Y. Dec. 17, 2010) (internal quotations omitted) (An adverse employment action, in the context of retaliation, "is any action harmful to the point that [it] could well dissuade a reasonable worker from exercising her rights under the Act.") Additionally, when asked during her deposition if Ms. Gonzalez would have been released on December 4, 2013, had she not been moved out of Special Events due to her complaint, Ms. Ashby responded "I don't know." Since the only reason Plaintiff was removed from Special Events was because she complained of discrimination, a jury could conclude that, had she not complained, she would not have been terminated on December 4, 2013.

## CONCLUSION

For the reasons set forth above, Defendants' Motion for Summary Judgment should be denied in its entirety.

Dated: New York, New York
       November 11, 2016

Respectfully Submitted,

/s/DSS
David S. Schwartz, Esq. (DS5982)
Dorina Cela, Esq.
Phillips & Associates, PLLC
45 Broadway, Suite 620
New York, NY 10006
Tel: (212) 248-7431
Fax: (212) 901-2107
Dschwartz@tpglaws.com
Dcela@tpglaws.com
